(98 App. Div. 563)

### HASBROUCK v. NEW PALTZ, H. & P. TRACTION CO.

(Supreme Court, Appellate Division, Third Department.    November 22, 1904.)

**1. PERSONAL COVENANTS—BREACH—REMEDIES.**

Plaintiff conveyed certain premises to a railway company, its successors and assigns; the grantee agreeing, as a part of the consideration, that, so long as it remained in possession of the privileges granted, it would provide plaintiff with a family pass, and that the agreement was to bind all the parties' legal representatives. *Held*, that such covenant was personal in its nature, and did not constitute a condition or limitation on the title conveyed, so that, on refusal of the railroad company's transferee to furnish such pass, plaintiff was only entitled to recover damages for its breach.

**2. SAME—PLEADING—DEMURRER—JUDGMENTS.**

A judgment based entirely on a cause of action alleged in the complaint, but on account of which no relief is asked, is more favorable than that demanded in the complaint, within Code Civ. Proc. § 1207, providing that, on a default in answering, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint.

**3. SAME—DEMURRER—WANT OF FACTS.**

Plaintiff brought suit, and alleged that defendants had broken a covenant in a conveyance of a railroad right of way, providing that the grantee and its assigns should furnish plaintiff a family pass. The only relief demanded was that defendant be ejected from the rights and privileges granted, and perpetually enjoined from thereafter using the same, and that the transfer be set aside, and that plaintiff recover $500 damages for withholding such rights and privileges, and for such other and further relief as may be just and equitable. *Held*, that as plaintiff was only entitled to recover damages for breach of the covenant, which were not demanded, the complaint was subject to demurrer for want of facts, as authorized by Code Civ. Proc. § 488, though it appeared therefrom that a cause of action for damages existed against the defendant.

Houghton, J., dissenting.

Appeal from Special Term.

Action by Amelia F. Hasbrouck against the New Paltz, Highland & Poughkeepsie Traction Company. From an interlocutory judgment overruling defendant's demurrer to the complaint, defendant appeals. Reversed.

The complaint alleges, in substance, that on or about December 30, 1897, the plaintiff entered into an agreement with the New Paltz & Wallkill Valley Railroad Company, whereby she granted and conveyed to said railroad company, its successors and assigns, certain premises, rights, and privileges in such agreement expressed; that, as part of the consideration thereof, the said grantee therein covenanted and agreed on its part that, so long as it remained in possession of the privileges granted, it would provide a family pass for her, her husband, and her daughter, to ride over the whole line of its road; and that the agreement was to bind the legal representatives of the parties thereto. That thereafter the said grantee entered into possession of the rights and privileges conveyed; that the New Paltz & Poughkeepsie Traction Company succeeded to the franchises, rights and privileges of said grantee, and that both said companies furnished such pass during their corporate existence; that the New Paltz & Poughkeepsie Traction Company was succeeded by the defendant, which company, although now in the enjoyment of such rights and privileges, refuses, after demand, to furnish such pass. The complaint then demands judgment, substantially, that the defendant be ejected from the enjoyment of the rights and privileges granted, and perpetually enjoined from thereafter using the same; that the said agreement be set aside; and that the plaintiff have judgment for $500 damages for withholding such

rights and privileges; and for such other and further relief as may be just
and equitable.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Johnston & Johnston and Joseph A. Duffy (Edward W. S. John-
ston, of counsel), for appellant.
C. W. H. Arnold, for respondent.

PARKER, P. J. The question presented by this appeal is
whether, when there are no facts appearing in the complaint which
warrant the relief asked therein, or any part thereof, a demurrer
thereto on the ground that it states no cause of action must neces-
sarily be sustained. It is very apparent that such is the situation
in this case. The provision in the conveyance under which the
defendant holds the premises and privileges in question, that the
grantee will provide "a Family Pass for the party of the first part,
her husband and her daughter to ride over the whole line of its
road," so long as it retains possession of such privileges, is but a
personal covenant, which very clearly does not constitute a condi-
tion or limitation on the title transferred. Upon a breach of such
agreement by the defendant, the only relief to which the plaintiff
becomes entitled is the damages which she sustains by such breach.
But very clearly such a breach would not affect the defendant's
title, nor warrant a judgment ejecting it from the use of the rights
and privileges so conveyed to it. It is apparent, therefore, that
the complaint contains no statement of facts which would warrant
the relief, or any part thereof, which is asked therein.

The plaintiff, however, urges that, under section 488 of the Code
of Civil Procedure, if it appears in the complaint that any cause
of action whatever exists against the defendant, a demurrer to
the complaint for insufficiency cannot be sustained, even though
the plaintiff claims nothing on account of such cause. Thus, in the
case before us, although the complaint is drawn upon the theory
that the defendant's default in providing the pass terminates its
title and right to longer possess the privileges and easements
granted it, and this action is evidently brought to test that ques-
tion, and no allegation that plaintiff has suffered any damages
from a detention of the pass is found in the complaint, yet it is
now claimed that nevertheless it appears in the complaint that
the defendant has unlawfully made default in performing a plain
and valid covenant on its part, and that at least nominal damages
are implied therefrom; hence a clear cause of action is found in the
complaint, and this demurrer was properly overruled.

The case of Mackey v. Auer, 8 Hun, 180, seems to hold the rule
as broadly as above claimed, and the more recent decisions upon
the question as to just when a demurrer for insufficiency to a com-
plaint must be sustained are not entirely harmonious. See Cody
v. First National Bank, 63 App. Div. 199, 71 N. Y. Supp. 277; Black
v. Vanderbilt, 70 App. Div. 16, 74 N. Y. Supp. 1095, and cases there
cited; Gilbert v. Bunnell, 92 App. Div. 284, 86 N. Y. Supp. 1123;
Hotel Register Co. v. Osborne, 84 App. Div. 307, 82 N. Y. Supp.

609; Gillespie v. Montgomery, 93 App. Div. 403, 87 N. Y. Supp. 701.

I am, however, of the opinion that the demurrer to this complaint should have been sustained. The judgment which overrules the demurrer holds, in effect, that the complaint does state a good cause of action. Manifestly it is not the one that the plaintiff intended to bring, and, now that the pleading is sustained, will probably assume that she has the right to maintain. The claim which the complaint certainly does present, viz., that the defendant be adjudged to surrender up the rights and privileges derived through the conveyance in question, because it has made default in furnishing the pass, is apparently determined in the plaintiff's favor, yet, as a matter of fact, no such result is intended, nor is any such rule of law established. A claim which the plaintiff did not intend to present, and never has thoroughly presented, and one which the defendant would not be at all likely to understand was intended, is doubtless included within the facts averred in the complaint, viz., damages for the breach of covenant contained in the conveyance; and such is the claim that is really adjudged in her favor. Now, what is the result of sustaining such a complaint? Suppose the defendant answers over and puts in a general denial. Is the trial court, upon proof of all the facts set forth in the complaint, to assume that this court has held the complaint good to its full extent, and award the judgment for ejectment, etc., therein asked for? Not necessarily so. But the most it could award would be a judgment of six cents for the damages suffered from defendant's breach of covenant—a decision that would, I fancy, surprise the plaintiff, and which would operate to force upon her a judgment that she never intended to ask for, and that would bar her from ever obtaining the damages to which she is justly entitled. But suppose the defendant does not avail itself of the privilege of answering over which the interlocutory judgment appealed from gives it. Then the plaintiff must apply to the court for final judgment as if the defendant had originally made default in answering (section 1222, Code Civ. Proc.); and the court then, under the provisions of section 1223, has the same power and may make the same order as is permitted by section 1215. That is, the court may "render the judgment to which the plaintiff is entitled." But we have seen that she is not entitled to any of the relief which she has asked for. The most that she is entitled to, from facts appearing in the complaint, is a judgment for nominal damages for breach of contract to furnish the pass. But by section 1207, upon a default in answering "the judgment shall not be more favorable to the plaintiff than that demanded in the complaint"; and therefore, though the facts would warrant such damages, the court may not give plaintiff a judgment therefor because she has not in this action asked for any such relief. A judgment based entirely upon a cause of action found in a complaint, but on account of which no relief is asked, is more favorable than that demanded in the complaint. Therefore on the demurrer the complaint is held sufficient, but on the application for judgment thereon the court must hold that none can be rendered.

In my opinion, the defendant was correct in demurring to this complaint. It was the proper way to test the issue, which, from all the facts set forth therein, the plaintiff clearly tendered to defendant; and in this instance, at least, the "cause of action" upon which she based her prayer for relief was the cause of action which the facts set forth in the complaint must sustain.

I will not undertake to say that, in all cases where the facts stated in the complaint are not sufficient to sustain a cause of action for which judgment may be rendered on default, a demurrer thereto must be sustained; but I do conclude that the complaint now 'under consideration does not state facts sufficient to constitute a cause of action, within the meaning of section 488 of the Code, and that therefore the interlocutory judgment appealed from should be reversed.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs of demurrer and of this appeal. All concur, except HOUGHTON, J., who dissents.