## GMINDER v. ZELTNER BREWING CO.

(Supreme Court, Appellate Division, First Department. June 12, 1908.)

1. PLEADING—DEMURRER—ADMISSIONS—CONTRACTS.

In an action on a contract which is made a part of the complaint, allegations as to the legal effect and construction of the contract are not admitted by a demurrer to the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 527.]

2. CONTRACTS—CONSTRUCTION—TIME FOR PAYMENT OF COMPENSATION—CONDITIONS—PROVISION FOR "MONTHLY SETTLEMENTS."

By a contract for services of plaintiff for five years in selling defendant's beer to certain customers, defendant agreed, on condition that such sales should not be less than 30,000 barrels per annum, to pay plaintiff 12½ cents per barrel so sold yearly during the term of the agreement, monthly settlements to be made. Held, that the words "monthly settlements" could not be construed to mean "monthly payments," thereby qualifying the provisions by which the promise to pay was conditioned on sales of a specified amount per annum, and payments were to be made yearly, and that nothing would become due until the expiration of a year, or at least until 30,000 barrels should have been sold.

3. SAME—ACTIONS—PLEADING—ALLEGATION OF PERFORMANCE OF CONDITION.

By a contract for services of plaintiff in selling defendant's beer to certain customers, defendant agreed to pay plaintiff 12½ cents per barrel so sold, on condition that the price paid by such customers during the term of the agreement should net defendant $4.80, and that any beer sold at a price which would not net that sum should not be included within the terms of the agreement. Held, that a complaint to recover the 12½ cents per barrel on a number of barrels sold, not alleging that such sales were at a price which netted defendant $4.80, was defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1664–1669.]

Ingraham and Laughlin, JJ., dissenting.

Appeal from Special Term.

Action by George F. Gminder against the Zeltner Brewing Company to recover the contract price for the sale of defendant's beer. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained, with leave to file an amended complaint on payment of costs.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Thaddeus D. Kenneson, for appellant.
Leonard Bronner, for respondent.

.  McLAUGHLIN, J.  The defendant demurred to the complaint up-
on the ground that it did not state facts sufficient to constitute a cause
of action.  The demurrer was overruled, and it appeals.

The complaint alleges, in substance, that on the 1st of July, 1907,
the plaintiff one Georges and the defendant entered into a contract,
by the terms of which the plaintiff and Georges were for a period of
five years to devote their entire time and energy towards having the
customers of the Northside Brewing Company purchase their lager
beer exclusively from defendant, in consideration of which it agreed
to pay to each of them 12½ cents upon each barrel of beer sold, pro-
vided that such sales should not be less than 30,000 barrels per annum,
and that monthly settlements were to be made; that between the 3d
of July and the 3d of September, 1907, the plaintiff and Georges sold
to the former customers of the Northside Brewing Company, on ac-
count of the defendant, 6,000 barrels, and that under the contract the
plaintiff thereupon became entitled to 12½ cents on each barrel, or
$750, for which sum judgment is demanded.

The appellant contends that under the terms of the contract nothing
could become due from the defendant to the plaintiff until the expira-
tion of at least one year from the date of the contract, and that the
action, having been commenced prior to that time, is prematurely
brought.  It also contends that the complaint is defective, in that it
does not show that the beer sold netted the defendant $4.80 per bar-
rel, as provided in the contract.  The contract was in writing, copy
of which is annexed to and made a part of the complaint, and so much
of it as is material to a determination of the question presented reads
as follows:

"The said Gminder & Georges hereby agree with the said Zeltner Brewing
Company during the terms of this contract to devote their time and energy
to having the customers of the Northside Brewing Company purchase their
lager beer exclusively from the Zeltner Brewing Company, and said Zeltner
Brewing Company, in consideration of the efforts of the said Gminder &
Georges, and on condition that the sales to the said former customers of the
Northside Brewing Company shall not be less than 30,000 barrels per annum,
hereby agree to pay to said Gminder & Georges each the sum of twelve and a
half cents per barrel on each and every barrel of lager beer sold by the said
Zeltner Brewing Company to the former customers of the Northside Brewing
Company yearly during the term of this agreement.  The promise of the
Zeltner Brewing Company to pay said sum of 25 cents per barrel as herein-
before set forth is made upon the further express condition that the price paid
by the customers of the Zeltner Brewing Company during the term of this
agreement shall net the brewery the sum of $4.80, and, if any beer is sold
by said Zeltner Brewing Company to said customers at a price which does
not net them this sum, such barrelage shall not be included within the pur-
view or terms of this agreement.  Monthly settlements are to be made."

The allegations in the complaint as to the legal effect and construc-
tion of the contract (it having been made a part of the complaint) are
not admitted by the demurrer. Bogardus v. New York Life Ins. Co.,
101 N. Y. 328, 4 N. E. 522;  Bonnell v. Griswold, 68 N. Y. 294;
Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 54 N. E.
712, 46 L. R. A. 288, 73 Am. St. Rep. 659.  Its legal effect must, of
course, be determined by construing it as an entire instrument, and,
when this is done, the solution of the question presented by the appeal

is not difficult. The defendant agreed to pay the plaintiff .12½ cents on each barrel, provided "that the sales to the said former customers of the Northside Brewing Company shall be not less than 30,000 barrels per annum." According to the allegations of the complaint, only 6,000 barrels have been sold. The plaintiff, therefore, is not entitled at this time to receive anything, nor can he until the condition that at least 30,000 barrels shall be sold has been complied with. The contract, as we have already seen, was entered into on July 1, 1907. The action was commenced some time prior to October 19, 1907. Nothing became due until the expiration of a year—certainly not until at least 30,000 barrels have been sold. The words "monthly settlements are to be made" do not, when the whole contract is considered, modify or qualify the provision of the contract to the effect that defendant's promise to pay is conditioned .upon the sale of not less than 30,000 barrels per annum, or that payments are to be made "yearly." All that these words mean is that at the end of each month defendant is to furnish to the plaintiff and Georges a statement of the number of barrels sold under the contract, including the price and what the sales netted it, and, if there is then any difference between the parties, the same is to be adjusted. If, as contended by the respondent, the word "settlements" means "payments," then there is no meaning to the provision in the contract that payment is "on condition that the sales * * * shall be not less than 30,000 barrels per annum," and that payments are to be made "yearly."

The complaint is also defective because there is no allegation in it to the effect that the 6,000 barrels sold were at a price which netted the defendant $4.80. From the provision of the contract quoted, it will be observed it is expressly provided that the agreement to pay 25 cents per barrel is upon condition that the price paid shall net the defendant that sum, and, if any beer is sold at a price which does not net it this amount, then "such barrelage shall not be included within the purview or terms of this agreement." But it is suggested—not by counsel—that there are other allegations in the complaint to the effect that the defendant has interfered with the plaintiff in the performance of the contract, and that these allegations are sufficient to sustain the complaint. There are no facts stated showing such interference other than defendant's failure to pay the 12½ cents on the 6,000 barrels of beer sold, and, when the whole complaint is read, it is quite apparent that is the only ground upon which damages were sought to be recovered. In this connection it is to be noted that this is the only ground upon which a recovery is claimed in the brief presented by respondent's counsel. He contends that the term "monthly settlements" is equivalent to "monthly payments," and that the defendant was required to pay, at the end of each month, provided the beer sold the month preceding was at the rate of 30,000 barrels per annum, and that, these facts appearing upon the face of the complaint, a cause of action is stated.

In my opinion the complaint does not state facts sufficient to constitute a cause of action, and for that reason the interlocutory judgment appealed from is reversed, with costs, and the demurrer sustained, with

costs, with leave to the plaintiff to serve an amended complaint on payment of the costs in this court and in the court below.

HOUGHTON and SCOTT, JJ., concur.

INGRAHAM J. (dissenting). The complaint alleges facts which would justify a finding that there was a total breach of the contract by the defendant; that the plaintiff complied with the contract on his part and earned a certain sum of money under it; and that, by reason of the premises, the plaintiff has been damaged to the amount of $750, payment of which was demanded and refused. I think this is sufficient on demurrer to sustain the complaint. It is quite possible that the plaintiff did not know that he was alleging a cause of action for a breach of contract, as the complaint contains many allegations which are quite immaterial upon that cause of action; but, when a cause of action is alleged, I do not think that the court is justified in sustaining a demurrer to it because the plaintiff has sought to sustain it as alleging a cause of action that was not alleged.

I dissent, therefore, from the reversal of this judgment.

LAUGHLIN, J., concurs.