## KIENLE v. FRED GRETSCH REALTY CO.

(Supreme Court, Appellate Division, Second Department.    June 4, 1909.)

1. PLEADING (§ 310*)—INSTRUMENTS ANNEXED—CONCLUSIVENESS.
    The terms of an instrument declared on, and annexed to and made a part of the complaint, control the allegations of the complaint for the purpose of disposing of a demurrer to the complaint, and allegations qualifying the instrument must be disregarded.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 944; Dec. Dig. § 310.*]

2. ELECTRICITY (§ 11*)—SUPPLY OF POWER—CONSTRUCTION.
    A lease stipulating that it includes the furnishing of 25 horse power, based on the rated capacity of the motors, and that all power used in excess of 25 horse power shall be paid for at a specified rate per horse power per annum, bases the power to be furnished on the rated capacity of the motors, and, where the rated horse power of the motors used exceeds 25, the lessor is entitled to additional payment for each rated horse power in excess of 25.
    [Ed. Note.—For other cases, see Electricity, Dec. Dig. § 11.*]

3. INJUNCTION (§ 118*)—IRREPARABLE INJURY—COMPLAINT—ALLEGATIONS.
    The allegations in a complaint for an injunction that injury will be irreparable, and that no adequate remedy at law exists, are mere conclusions, and the facts justifying the conclusions must be pleaded.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 232; Dec. Dig. § 118.*]

4. INJUNCTION (§ 118*)—IRREPARABLE INJURY—COMPLAINT—ALLEGATIONS.
    A complaint in an action by a lessee to restrain the lessor from cutting off power included in the lease, which does not allege that the lessee has any unfinished business or contracts, nor state the character of his contemplated future business, and which does not aver any inability to procure all the power he requires from sources other than the lessor, or that he is unable to procure other premises fully equipped for the carrying on of his business, does not allege facts justifying the conclusion that the lessee is exposed to irreparable damage for which he has no adequate remedy at law.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 232, 238; Dec. Dig. § 118.*]

5. INJUNCTION (§ 16*)—ADEQUACY OF REMEDY AT LAW.
    A lessee has no right to an injunction restraining threatened summary proceedings where he alleges facts showing a legal defense to the proceeding.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 15; Dec. Dig. § 16.*]

6. INJUNCTION (§ 26*)—ADEQUACY OF REMEDY AT LAW—OPPRESSIVE LITIGATION.
    Equity may intervene to protect one against vexatious and oppressive litigation after the merits have been litigated in a court of law and decided in his favor.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24-61; Dec. Dig. § 26.*]

7. PAYMENT (§ 82*)—RECOVERY OF PAYMENTS—VOLUNTARY PAYMENTS.
    A payment made with full knowledge of the facts, without coercion, fraud, or mistake, is voluntary and cannot be recovered back, though the person receiving the money had no right to compel payment.
    [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 254-266; Dec. Dig. § 82.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. LANDLORD AND TENANT (§ 48*)—BREACH OF CONTRACT—SPECIAL DAMAGES.

A lessee who sues the lessor for breach of contract for his failure to furnish power cannot recover special damages, where no special facts are alleged which take the case out of the general rule that the proper measure of damages is the difference between the rental value of the premises without the power contracted for and their rental value with the power furnished.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 115, 116; Dec. Dig. § 48.*]

9. PLEADING (§ 71*)—COMPLAINT—DAMAGES.

A complaint in an action for breach of an agreement which fails to state a cause of action for substantial damages on the theory on which it is found, but which states only a cause of action for nominal damages, is demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 142; Dec. Dig. § 71.*]

10. PLEADING (§ 48*)—COMPLAINT—SUFFICIENCY.

The test of the sufficiency of a complaint is whether sufficient facts are alleged to sustain a judgment for the relief demanded.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 48.*]

11. SPECIFIC PERFORMANCE (§ 114*)—COMPLAINT—SUFFICIENCY.

One cannot obtain specific performance where his demand is for relief by injunction.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 372; Dec. Dig. § 114.*]

Appeal from Special Term, Kings County.

Action by Eugene Kienle against the Fred Gretsch Realty Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

M. V. McDonald, for appellant.

Peter Cook, for respondent.

RICH, J. Two causes of action are alleged. The first, stripped of unnecessary verbiage, alleges that the parties entered into a lease by the terms of which the defendant demised to the plaintiff certain premises, including power, who took possession thereof and paid the contract rental for 13 months, when the defendant asserted that the plaintiff was using five horse power more current than was permitted by the lease for the rental therein provided, and demanded for that month, and monthly thereafter, an additional payment of $20.83 for such additional power, which was refused, and at noon on the following day the defendant shut off the power and commenced summary proceedings to remove the plaintiff from the premises; that because he was then engaged in the manufacture of inks under a contract for quick delivery, which the cutting off of the power prevented his performing, on the day after the precept issued he paid, under protest, the $20.83 demanded, and has since that time retained possession of the premises and continued to pay monthly the advanced rate under protest; that defendant threatens that, unless such payments are continued, it will cut off the power and institute summary proceedings

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to eject plaintiff from the premises, which would bring his business to a standstill, and cause him great loss and irreparable damage, for which he has no adequate remedy at law. The relief asked under this cause of action is an injunction restraining the defendant from cutting the power off as threatened and from having recourse to summary proceedings, in addition to which a recovery is asked of the money paid for extra power. The lease declared upon is annexed to and forms part of the complaint, and its terms, for the purposes of this demurrer, control general allegations and conclusions, having for their purpose the qualification of its provisions. Such allegations must be disregarded. Bogardus v. N. Y. Life Ins. Co., 101 N. Y. 329, 337, 4 N. E. 522. Its provision as to power is as follows:

"This lease also to include the furnishing of twenty-five (25) horse power, based on the rated capacity of the motors. All power used in excess of said 25 H. P. to be paid for at the rate of fifty ($50) dollars per horse power per annum (220 volt current)."

There is no allegation in the complaint that the motors used were, or did not exceed, 25 horse power, and the seventh and sixteenth paragraphs, it seems to me, admit, as claimed by the appellant, that their rated capacity was more than 25 horse power. The lease clearly bases the power to be furnished upon the rated capacity of the motors, and, in view of the admission referred to, the allegation that plaintiff has not used at any time more than the 25 horse power stipulated in the lease does not establish a breach of the contract. The rated horse power of the motors used exceeding 25, the defendant was entitled to the additional payment for each rated horse power in excess of 25, as provided by the lease, and it follows that the facts alleged are insufficient to justify the relief demanded by injunction. Threatened or apprehended injury, where it is alleged to be irreparable and that no adequate remedy therefor exists at law, are the mere conclusions of the pleader, and of no legal effect, unless facts which support and justify such conclusions are pleaded, from which the court can determine whether or not the conclusions are justified. In the absence of such facts, a complaint in equity is bad. Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905.

The allegations contained in the first 16 paragraphs of the complaint contain no averments of fact justifying the conclusion that the plaintiff is exposed to irreparable damage for which he has no adequate remedy at law. It is not alleged that plaintiff had any unfinished business or contracts on hand at the time of the commencement of the action, nor is the character of his contemplated future business. He does not aver any inability to procure all the power he requires from sources other than the defendant, or that he is unable to procure other premises fully equipped for the carrying on of his business; and, while he concludes that he has no adequate remedy for his grievance at law, he alleges a second cause of action to recover damages resulting from the acts complained of in the first cause of action upon the basis of a breach of the contract to furnish power, which, if proven, is certainly an adequate remedy enforceable at law. Plaintiff has no right to an injunction restraining

threatened summary proceedings in the future. He alleges facts tending to show a legal defense to such proceeding, but this will not justify the relief sought. This rule is uniformly supported by the authorities, the only exception being that equity may intervene to protect a party against vexatious and oppressive litigation, after the merits have been litigated in a court of law and decided in favor of the contention of such party. Savage v. Allen, 54 N. Y. 458; Wolfe v. Burke et al., 56 N. Y. 115; Wallack v. Society, 67 N. Y. 23; Baptist Mission Society v. Potter, 20 Misc. Rep. 191, 44 N. Y. Supp. 1051; Coykendall v. Hood, 36 App. Div. 558, 55 N. Y. Supp. 718. A cause of action is not alleged for the recovery of the several payments made for extra power, although paid under protest. There is no coercion or fraud alleged, and no claim that the demand was paid under a mistake of fact or law. The payments were voluntary and made with full knowledge of the existing facts, and for that reason not to be recovered back, even if the defendant had no right to compel their payment. People v. Wilmerding, 136 N. Y. 363, 374, 32 N. E. 1099; Consolidated Fruit Jar Co. v. Wisner, 103 App. Div. 453, 457, 93 N. Y. Supp. 128. The plaintiff cannot recover the special damages alleged in the second cause of action, because there are no special facts alleged removing the case from the operation of the general rule that the proper measure of damages is the difference between the rental value of the premises with the power contracted for and their rental value with the power furnished. Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58. The case of Egan v. Browne, 128 App. Div. 184, 112 N. Y. Supp. 689, does not support the respondent's contention, as the case here presented is not within the rule therein declared. That case presented an action in tort for the alleged wiliful and malicious acts of the landlord in cutting off the tenant's steam, the tenant being unable to procure another place equipped to carry on his business, and not upon the covenant in the lease to furnish steam.

Under the allegations of the complaint, I do not see how the plaintiff could give evidence as to the difference in rental values. Manhattan Stamping Works v. Koehler, 10 N. Y. St. Rep. 60. Even though nominal damages might be presumed to result from the alleged breach of the agreement, and upon the assumption that the complaint, although not framed upon that theory, states a good cause of action to recover such damages, the demurrer should not have been overruled. Hasbrouck v. New Paltz, Highland & Poughkeepsie Traction Co., 98 App. Div. 563, 90 N. Y. Supp. 977. Nor can the ruling of the learned Special Term that the complaint is sufficient to sustain an action for specific performance, which justified the overruling of the demurrer, be sustained. The test to be applied is whether sufficient facts are alleged to sustain a judgment for the relief demanded. Plaintiff could not have judgment for specific performance; his demand being for relief by injunction. Hasbrouck v. New Paltz, etc., Traction Company, supra.

The interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days on payment. All concur.