## KNUDSTEN v. PHILLIPS.

### (Supreme Court, Appellate Term.  February, 1911.)

1. PLEADING (§ 34*)—COMPLAINT—DEMURRER—THEORY OF CAUSE OF ACTION.
   The complaint on demurrer must be construed in harmony with the pleader's theory of his cause of action.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

2. FACTORS (§ 66*)—AGREEMENT TO MAKE ADVANCES—ACTION—COMPLAINT—SUFFICIENCY.
   In an action on defendant's agreement as a factor to advance a certain amount on goods to be shipped to plaintiff, a complaint alleging that the advancement remained unpaid, except a certain sum, and demanding judgment for the balance, with interest, but failing to plead special damages, was demurrable, as failing to state a cause of action.
   [Ed. Note.—For other cases, see Factors, Dec. Dig. § 66.*]

Appeal from City Court of New York, Special Term.

Action by Isabella Knudsten against Claudius C. Phillips, doing business under the trade-name of Phillips & Sons.  From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.  Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Charles O. Maas, for appellant.

Reeves, Todd & Swain, for respondent.

BIJUR, J.  This action was brought upon defendant's agreement as a factor to advance $1,383.21 on goods to be shipped to plaintiff. The complaint recites:

(5) "That said advancement remains unpaid, except the sum of $755, and there is now due and owing thereon the sum of $628.25, with interest thereon from the 8th day of February, 1909."

The prayer for relief is:

"Wherefore plaintiff demands judgment against the defendant for the sum of $628.25," with interest and costs.

Defendant demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action.  Defendant appellant contends that there can be no recovery upon an agreement to advance or loan moneys, except upon an allegation of special damage resulting from the breach of such agreement (Bradford, etc., R. Co. v. N. Y. L. E. R. Co., 123 N. Y. 316, 324, 327, 330, & 331, 25 N. E. 499, 11 L. R. A. 116); that in the case at bar there is no such allegation; and, indeed, that the action is not brought for the recovery of damages at all.  The objection seems to be well taken. The learned trial judge overruled the demurrer on the theory that at least nominal damages might be recovered because of the breach of the agreement.

There is some diversity of opinion in the decisions even on this point, and the disposition of the courts more recently seems to be to disregard nominal damages as a decisive factor in questions of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this nature. Thus, for example, in Hopedale Co. v. Electric Co., 184 N. Y. 356, 364, 77 N. E. 394, and in the same case below, 96 App. Div. 344, 352, 89 N. Y. Supp. 325, and Thomson Co. v. Durant Co., 144 N. Y. 34, 49, 39 N. E. 7, it is expressly held that in case of the dismissal of the complaint, the probability of the recovery of merely nominal damages affords no adequate ground for a reversal, unless it is apparent that other interests would be prejudiced or other important rights concluded by such dismissal.

In the case at bar, however, the complaint not only fails to plead special damages, but read as a whole, combining the allegations of fact and the prayer for relief, the pleader's theory is manifestly a suit in affirmance of the contract to compel the making of the loan (see Bradford Case, supra), and there appears to be no ground on which a recovery of damages, even though nominal, could be sustained as for a breach of the agreement. The complaint upon demurrer must be construed in harmony with the pleader's theory of his cause of action. Kienle v. Gretsch Co., 133 App. Div. 391, 395, 117 N. Y. Supp. 500; Hasbrouck v. Naw Paltz Co., 98 App. Div. 563, 90 N. Y. Supp. 977. We think that the demurrer was improperly overruled.

The interlocutory judgment is therefore reversed, with costs, and the demurrer sustained, with leave to plaintiff to amend, upon payment of costs in this court and in the court below, within six days. All concur.