(164 App. Div. 744)

### OPPENHEIMER v. SELIGMAN et al.   (No. 6485.)

(Supreme Court, Appellate Division, First Department.  December 4, 1914.)

PRINCIPAL AND AGENT (§ 41*)—WRONGFUL DISCHARGE—ACTIONS FOR DAMAGES—COMPLAINT.

In a salesman's action for wrongful discharge, a cause of action alleging a contract by which he agreed to travel for defendants on commission, that his particular territory or route was certain states, which facts were well known to the defendants, that although his customers were in such territory, through which territory it was agreed that he was to travel, defendants, after he had made a single trip, refused to permit him to revisit such territory, but sent him to canvass territory which he had never before covered, and where he had no acquaintances or business, thereby depriving him of a fair opportunity to make sales, and greatly damaging him, was insufficient, as the contract did not limit the territory in which he was to travel or effect sales, and its terms must prevail in preference to any construction placed thereon by innuendo or otherwise in a pleading.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Wilbur M. Oppenheimer against W. Irvin Seligman and another.  From an order granting plaintiff's motion for judgment on the pleadings as to the second cause of action, defendants appeal.  Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Franklin H. Mills, of New York City, for appellants.

Percy J. King, of New York City, for respondent.

PER CURIAM.  This order was clearly wrong.  For a first cause of action, plaintiff alleged a wrongful discharge under the following contract:

"Wilbur M. Oppenheimer agrees to travel for Heilbrun, Falk & Co.," and the latter agrees to employ Oppenheimer, "for one year, commencing January 1, 1912, on a commission basis of 7½ per cent. on all goods shipped"; Oppenheimer "to receive a drawing account of $30 per week, and traveling expenses, all to be charged against commission."

The third cause of action is for disbursements made during the continuance of the employment.  Defendant answered as to the first and third causes of action, and demurred to the second, which demurrer the court below held to be bad.

The second cause of action repeats the allegations of the first (1) touching partnership of defendants; (2) the execution of the contract, a copy of which is annexed to the complaint; and (3) that plaintiff entered upon the performance of the contract and performed the same on his part.  It then alleges that plaintiff's occupation was that of an embroidery salesman, and his "particular territory or route was the states of Indiana and Illinois, all of which facts were well known to defendants"; that notwithstanding plaintiff's customers were in the territory aforesaid, through which territory it was agreed that plaintiff was to travel, after he had made a single trip, defendants refused

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to permit him to revisit such territory, but retained him in their store in New York City, and later sent him to canvass territory which he had never covered before, and where he had no acquaintances or business, and being thus deprived of a fair opportunity to make sales on which his compensation under the contract depended, plaintiff was greatly damaged in his business, and reputation as well, to his damage, etc.

There is not a word in the contract limiting the territory in which plaintiff was to travel or effect his sales. Under these circumstances, the contract terms must prevail in preference to any construction which the pleader may by innuendo or otherwise be pleased to place upon it. Bogardus v. N. Y. Life Ins. Co., 101 N. Y. 328, 4 N. E. 522; Gminder v. Zeltner Brewing Co., 126 App. Div. 776, 111 N. Y. Supp. 215; Winch v. Farmers' Loan & Trust Co., 12 Misc. Rep. 291, 33 N. Y. Supp. 279.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to plaintiff to amend on payment of said costs.