## COLUMBIA GRAPHOPHONE CO. v. 330 WEST NINETY-FIFTH ST. CORPORATION.

(District Court, S. D. New York. June 11, 1920.)

**1. Liens ⊜⇒7—Equitable lien for breach of contract.**

Where defendant, holding·a contract for the purchase of real property, contracted to assign such contract to complainant, but failed to do so, and afterward acquired title under its contract, complainant *held* entitled to an equitable lien on the property for the advance payment made under its contract, which it was agreed should be returned if the contract was not carried out.

**2. Liens ⊜⇒16—Acceptance of other security only prima facie evidence of waiver.**

While an equitable lien may be waived by the acceptance of independent security, such acceptance is only prima facie evidence of waiver, and merely casts the burden of proof on the party asserting the lien.

**3. Equity ⊜⇒152—Contract attached to bill may be considered on motion to dismiss.**

A contract attached to a bill may be considered on motion to dismiss, to determine the intent of the parties and whether complainant has a cause of action.

In Equity. Suit by the Columbia Graphophone Company against the 330 West Ninety-Fifth Street Corporation. On motion to dismiss bill. Overruled.

McAdoo, Cotton & Franklin, of New York City (George H. Savage, of New York City, of counsel), for plaintiff.

I. Maurice Wormser, of New York City, for defendant.

KNOX, District Judge. By this suit plaintiff seeks to impress a lien to the extent of $72,818.19 upon premises situate at the northwest corner of Fifth avenue and Thirty-Fourth street, in this city. The claim of right by the plaintiff to assert a lien, and the denial of such right by the defendant, grow out of the following state of facts:

Upon November 29, 1919, the defendant agreed to purchase the above-mentioned property from its then owner, Columbia Trust Company, and to pay therefor the sum of $1,800,000. Upon January 20,. 1920, defendant entered into a contract with the plaintiff whereby, in consideration of $50,000 then paid, and $300,000 to be thereafter paid, the defendant covenanted to assign all of its right, title, and interest in and to the contract with the Trust Company, and to direct the latter to convey the premises in question direct to the plaintiff. The contract between the parties to this litigation provided in paragraph 9 thereof as follows: ·

"The obligation of the seller to repay to the purchaser the sum of $50,000 in case the purchaser shall not accept title hereunder, pursuant to the terms of this agreement, shall be guaranteed·by Max N. Natanson, Esq." ·

In pursuance of this provision of the contract a guaranty in terms as follows was executed by Natanson:

"In consideration of the execution of the foregoing agreement by Columbia Graphophone Company, I hereby guarantee to Columbia Graphophone Com-

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pany the performance of the obligation of the seller as provided in paragraph (9) hereof."

Natanson is the vice president of the defendant corporation. The agreement between the parties hereto contained numerous other provisions, some of which are alleged to have been breached by the defendant, with the result that title to the property did not vest in the plaintiff. In addition to this, the defendant retains the sum of $50,000 paid on the contract, and for this sum, together with architects' fees and other expenses, in the aggregate of $22,818.19, the plaintiff seeks relief by way of lien; the defendant in the meanwhile having completed its contract with the trust company and acquired legal title to the property.

A demurrer having been interposed to the complaint, I must, for present purposes, accept the allegations of plaintiff's pleading as true. The demurrer is based upon two propositions advanced by the defendant, as follows: (1) That there can be no equitable lien in the case of a mere contract to buy a contract of sale from one who has not the land; and (2) that, even assuming that a lien in favor of plaintiff might have arisen, such lien was waived by the agreement for and acceptance by the plaintiff of Natanson's personal guaranty for the performance by the defendant of its contractual obligation with the plaintiff.

[1] Since the decision in Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937, 127 Am. St. Rep. 862, 15 Ann. Cas. 819, there can be no doubt that a vendee under a contract for the purchase of real estate has a lien on such property in the hands of the vendor for the amount of the purchase price paid on account thereof. And I take it that, had the original contract between the present defendant and the Trust Company been assigned to the plaintiff herein, the latter would have succeeded to such lien as then existed in favor of the defendant.

Instead, however, of assigning the original contract of purchase, the defendant agreed that it would assign, transfer, and set over to the plaintiff all of its right, title, and interest in and to said contract, and the plaintiff agreed to carry out and perform the covenants made by the defendant in the said original contract in the same manner and with like effect as though the plaintiff had been named as vendee therein. True, the plaintiff agreed to be bound by such additional covenants as were made by it in its contract with the defendant; but I fail to see how the plaintiff, subject to the performance by it of the additional covenants, had anything less than an equitable title to the equitable title which the defendant had acquired from the trust company. It may be that prior to the acquisition by the defendant of the legal title there was nothing as against which the lien might be asserted; nevertheless such title as was possessed by the defendant was held in trust for the plaintiff, and when the legal title came into the hands of the defendant there was in existence a tangible res into which the equitable title merged, and to which the plaintiff's lien could attach.

It was held in Barnes v. Alexander, 232 U. S. 117, 34 Sup. Ct.

276, 58 L. Ed. 530, that in equity a contract to convey a specific object, even before it is acquired, will make a contractor a trustee as soon as he gets title thereto. See, also, Valdes v. Larrinaga, 233 U. S. 705, 34 Sup. Ct. 759, 58 L. Ed. 1163. What the defendant in effect here agreed to was that it would procure to be delivered to the plaintiff the title to the trust company property. This it has not done, and equity will intervene to see to it that such sum as was paid by the plaintiff to bring this result about is protected.

I reach the conclusion that the first proposition advanced in support of the defendant's demurrer is untenable.

[2] There is much authority to the effect that an equitable lien may be waived by the acceptance of independent security; but the acceptance of such security is, I think, only prima facie evidence of such waiver, and casts the burden of proof upon him who asserts the lien. Griffin v. Smith, 143 Fed. 865, 75 C. C. A. 73.

[3] The Supreme Court, in Cordova v. Hood, 17 Wall. 1, 21 L. Ed. 587, has said that the presumption of waiver of lien may be rebutted by evidence that such was not the intention of the parties. This intent may be somewhat inquired into upon this demurrer, inasmuch as the contract of the parties is annexed to the complaint and may be considered in determining if plaintiff has a cause of action. Kienle v. Gretsch Realty Co., 133 App. Div. 391, 117 N. Y. Supp. 500; Winch v. Farmers' Loan & Trust Co., 12 Misc. Rep. 291, 33 N. Y. Supp. 279; Oppenheimer v. Seligman, 164 App. Div. 744, 150 N. Y. Supp. 156.

By paragraph 4 it is agreed that—

" * * * In case the purchaser should not accept title hereunder, *pursuant to the terms of this agreement*, then and in that event the purchaser, at its option, shall be relieved of its obligations hereunder, and the seller shall thereupon forthwith repay to the purchaser the sum of $50,000 received by it hereunder, and the seller will assign to the purchaser, as collateral security for the repayment by the seller of such $50,000 as aforesaid, all of its right, title, and interest in said contract embodied in Schedule A [the contract with the trust company] and in and to the above-mentioned sum of $50,000 paid by the seller to Columbia Trust Company on account of the purchase price of said premises, and to the repayment of such sum, and the purchaser shall be subrogated to all the rights of the seller [defendant] under said contract. Such contract shall be reassigned by the purchaser to the seller upon payment to the purchaser of said sum of $50,000."

Now, paragraph 9 of the contract, hereinbefore quoted, was inserted for the benefit of the purchaser. If the purchaser was satisfied with Natanson's guaranty of performance by the defendant, it is improbable that the foregoing provisions for subrogation and the assignment and reassignment of the contract would have come into existence. The impression I receive is that the purchaser demanded and had accorded it the Natanson guaranty in addition to, and not in derogation of, the lien to which the purchaser was entitled, and which by the agreement itself is all but specifically reserved.

I therefore hold against the defendant upon its second ground of demurrer.

In view of the conclusions I have reached, the demurrer must

fail, and I therefore do not now determine if a valid lien may be claimed by the plaintiff with respect to architects' fees and expenses.

If I be correct in the views herein expressed, this suit is not contradictory in theory to the maintenance of an action at law against Natanson.