HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, *v.* W. ROSS PROCTOR and Another, Respondents, Impleaded with UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

First Department, November 2, 1923.

Workmen's compensation — action by insurance company to recover amount paid as compensation under New Jersey statute — injured employee was infant — judgment was recovered by infant against third person — guardian ad litem in negligence action not proper party in this action — infant is necessary party in this action — liability of defendant in negligence action to plaintiff herein not shown in absence of allegation that compensation money was paid prior to payment of judgment in negligence action — complaint is insufficient — recovery cannot be had on equitable principles.

In an action by an insurance company to recover the amount of compensation, paid to an infant employee under the New Jersey Compensation Act, on the ground that the infant through his guardian *ad litem* has recovered a judgment against a third person based on the negligence which caused the injury, and that the judgment has been paid to the guardian *ad litem*, the complaint must be dismissed as to the defendant who was guardian *ad litem* in the negligence action, since no facts are shown to sustain a personal judgment against him as guardian *ad litem*, and it must be dismissed as to the defendant who was the defendant in the negligence action, since the infant who is a necessary party to this action has not been made a party, and the complaint states no cause of action as to said defendant, since it does not allege that the compensation money was paid by the plaintiff to the infant prior to the time the said defendant paid the money recovered under the judgment.

The guardian *ad litem* in the negligence action has no authority to represent the infant in this action, but a new guardian *ad litem* should have been appointed, and the mere allegation that the funds recovered in the negligence action are under the joint control of the guardian *ad litem* in that action and a surety company does not state a sufficient reason for not making the infant a party to this action.

The New Jersey statute gives a lien only to the extent of the money paid by the insurance company prior to the time the judgment was recovered against the

third person, and, therefore, it is necessary to allege in this action that said moneys were paid prior to the payment of the judgment recovered in the negligence action.

The plaintiff, under the circumstances, cannot disregard the New Jersey statute and seek a recovery upon " equitable principles."

APPEALS by the plaintiff, Hartford Accident and Indemnity Company, from separate judgments of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 19th and 23d days of February, 1923, respectively, upon decisions of the court rendered after a trial at the New York Special Term dismissing the complaint as to the respondents.

*Joseph L. Prager* [*Harris Jay Griston* of counsel; *Arnold Furst* with him on the brief], for the appellant.

*Ver Planck & Prince* [*Milton C. Lightner* of counsel], for the respondent W. Ross Proctor.

*Joseph I. Green* of counsel [*William Macy* with him on the brief], for the respondent Richard A. Chartrand, as guardian, etc.

FINCH, J.:

It appears from the complaint that Richard A. Chartrand, Jr., an infant, was employed by the Hedden Company in New Jersey, and while in such employ was injured on July 14, 1918, by the defendant Proctor. The Hedden Company was insured by the plaintiff under the New Jersey Workmen's Compensation Law. (See N. J. Laws of 1911, p. 134, chap. 95, as amd.; Comp. Stat. N. J. First Supp. p. 1639 *et seq.*) The injured infant made a claim under the said Workmen's Compensation Law and was paid $1,368.50 by the plaintiff. The infant, through his father as guardian *ad litem*, the defendant in this action, brought suit in this State against Proctor for his injuries, and recovered a judgment here amounting to more than $9,000.

The New Jersey Workmen's Compensation Act, among other things, provides, in effect, that in the event the injured employee shall sue the third person who caused his injury, the employer shall file with such third person a statement of the compensation agreement, and shall thereafter be entitled to receive from such third person, upon the payment of any amount in release or in judgment to the injured employee, a sum equivalent to the amount of compensation payments which the employer has theretofore paid. The Hedden Company filed with the defendant Proctor, the defendant in the negligence action, a statement of the compensation agreement between said company and its employee Chartrand; but, nevertheless, Proctor paid to the defendant Chartrand, as guardian

*ad litem* of his son in the negligence action, more than $9,000 in satisfaction of the judgment obtained, without withholding the amount of the payments made to the infant under the compensation agreement.

The plaintiff demands judgment against the defendants W. Ross Proctor and Richard A. Chartrand, as guardian *ad litem* of Richard A. Chartrand, Jr., in the amount of the payments made by it under the compensation agreement, and prays that it be decreed to have a lien on funds belonging to the infant in the joint control of the defendant Chartrand, as guardian *ad litem* of the infant in the negligence action, and the defendant United States Fidelity and Guaranty Company.

The interesting questions here presented cannot be considered, and the judgment appealed from dismissing the complaint must be affirmed on the ground that, in so far as the defendant Chartrand is concerned, no facts are shown to sustain a personal judgment against him as guardian *ad litem*, and the infant, who is the owner of the moneys recovered, is not made a party to the action. As these moneys belong to the infant, he is a necessary party, and a guardian *ad litem* would have to be appointed for him in this action. Plaintiff has only joined as defendant the person who was guardian *ad litem* of the infant in the action against the third person. The authority of this guardian *ad litem* would, of course, be limited to the suit in which he was guardian *ad litem*, and he would have no authority to represent the infant in any other suit. (*Rosso v. Second Ave. R. R. Co.*, 13 App. Div. 375.) The mere fact that it is alleged that the funds are under the joint control of the defendant Richard A. Chartrand, as guardian *ad litem* for Richard A. Chartrand, Jr., and the United States Fidelity Company, as surety, does not allege a sufficient reason for dispensing with the necessity of making the infant, who is the owner of the moneys in suit, a party.

In so far as the defendant W. Ross Proctor is concerned, the complaint states no cause of action against him. The complaint fails to allege that the moneys were paid by the plaintiff to the infant Chartrand prior to the time that the defendant Proctor paid the money recovered under the judgment against him to the infant Chartrand. The New Jersey statute gives the lien only to the extent of the money paid and when paid. It provides " * * * the employer shall thereafter be entitled to receive from such third person * * * a sum equivalent to the amount of compensation payments which the employer has theretofore paid to the injured employee or his dependents * * *." (N. J. Laws of 1911, p. 144, chap. 95, § 23, as amd. by N. J. Laws of 1913, pp. 311, 313, chap. 174, § 8; Comp. Stat. N. J. First Supp. pp. 1651, 1652, § 23.)

If the liability of the parties could be fixed without the money having been paid, then it might happen that the plaintiff would never pay the money and the defendant Proctor would not be in a position to protect himself against the judgment recovered against him, since he could not show either that the money actually had been paid or that such payment ever would be made.   Indeed it is not even alleged that the " statement of the compensation agreement " filed with Proctor set forth the amount of compensation or the dates on which payments, if any, were to be made.   Allegations in a complaint that at an unnamed date an insurance company paid compensation to an employee, and that at some other unnamed date (whether before or after such payment by the third party does not appear) a third party, who had never been notified of the amount of compensation or of any payment thereunder, satisfied a judgment duly obtained against him by the employee, do not constitute allegations sufficient to make out a cause of action under the New Jersey statute.   Thus the motions to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action against the defendants Proctor and Chartrand were properly granted, and the judgments appealed from should be affirmed.

The complaint of the plaintiff is clearly predicated upon the New Jersey statute.   To consider whether a cause of action based upon said statute could be maintained would be but *dicta,* since for the reasons above given this action cannot be maintained against either of the defendants.

The plaintiff, however, having sought to allege a cause of action predicated upon the New Jersey statute, now contends that he may disregard entirely the New Jersey statute and seek a recovery based upon " equitable principles."   Nowhere does the plaintiff attempt to answer the query that, if the payments in New Jersey were not made under the New Jersey statute, then they were mere voluntary payments and as such could not be recovered. (*Keinle* v. *Gretsch Realty Co.,* 133 App. Div. 391; *People* v. *Wilmerding,* 136 N. Y. 363, 374.)

The defects in the allegations of the complaint already pointed out would likewise prevent any recovery in equity against either defendant.

It follows that the judgments appealed from should be affirmed, with costs to the respondents.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Judgments affirmed, with costs to respondents.