HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY and Another, Defendants, Impleaded with RICHARD A. CHARTRAND, JR., and Another, Appellants.

First Department, May 16, 1924.

Workmen's compensation — New Jersey Workmen's Compensation Act does not give lien to insurance carrier on amount received by claimant in action against third person — said statute has no extraterritorial effect and would not give lien on proceeds of judgment recovered in New York.

The New Jersey Workmen's Compensation Act does not give an insurance carrier who has paid compensation a lien on the proceeds of a judgment secured by the employee against a third person.

Furthermore, if it did give a lien, that lien would not be effective as against the proceeds of a judgment secured by the employee in an action instituted in the State of New York, since the New Jersey act does not have extraterritorial effect.

APPEAL by the defendants, Richard A. Chartrand, Jr., and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1924, resettling an order entered in said clerk's office on the 24th day of January, 1924, granting an injunction restraining appellants from using the proceeds of a judgment obtained against defendant Proctor.

*Joseph I. Green* [*William Macy* of counsel], for the appellants.

*Joseph L. Prager* [*Harris Jay Griston* of counsel], for the respondent.

McAVOY, J.:

Defendants Richard A. Chartrand, Jr., and Richard A. Chartrand, guardian *ad litem* of said Richard A. Chartrand, Jr., appeal from

an order which stays and restrains said defendants, *pendente lite*, from transferring, paying out, disposing of or withdrawing in any way, a part of certain moneys and other property to the extent of $1,900, of which the defendant United States Fidelity and Guaranty Company is the depositary.

The then infant Chartrand, during the period of his employment by plaintiff's assured in New Jersey, was injured through the negligence of the defendant Proctor. . He recovered a judgment against Proctor for such injuries in the Bronx County Supreme Court. Plaintiff claims that certain moneys were paid to Chartrand by the insurance carrier in New Jersey as compensation under the New Jersey Workmen's Compensation Act of 1911, as amended in 1913, and that under said act it has a lien, to the extent of such payments, upon the judgment obtained by Chartrand against Proctor after suit brought in New York. The proceeds of this judgment are now on deposit with the defendant United States Fidelity and Guaranty Company.

In a previous action for the same relief which was here on a former appeal (206 App. Div. 510), to which the then infant Chartrand was not made a party, we left undecided the question as to whether or not the New Jersey Workmen's Compensation Act gave a lien which could be enforced against the proceeds of the judgment procured in this State by the infant Chartrand against Proctor. We merely pointed out then that the elder Chartrand, who had been appointed guardian *ad litem* in the infant Chartrand's negligence action against Proctor, was not properly made a party to the action, and intimated that as the complaint in that action then stood a cause of equitable cognizance was not set forth in the complaint.

The then infant Chartrand is now of age, and while now the proceeds of the former action are his, the plaintiff has made both Chartrands parties defendants without apparent propriety or necessity, but we pass this feature to resort to the merits.

The present action is brought for equitable relief and demands a lien upon the proceeds of the judgment obtained by the infant Chartrand against Proctor in the negligence suit and a foreclosure of the lien is sought in the prayer of the equitable bill.

Prior to the service of this complaint, plaintiff had obtained a temporary injunction restraining appellants from using any of the moneys so received until the hearing and determination of a motion made returnable in the *ex parte* injunction order.

At the Special Term hearing the ruling was that a lien was given by the New Jersey Workmen's Compensation Act and that the present action for its enforcement lies in equity.

23

354 HARTFORD ACCIDENT & INDEMNITY Co. *v.* U. S. F. & G. Co.

First Department, May, 1924. [Vol. 209

Without this finding that the New Jersey statute gave plaintiff the lien claimed, an injunction to impound the fund could not have issued.

The complaint sets forth the New Jersey Workmen's Compensation Act relied upon, and alleges that Chartrand, Jr., while employed by the Hedden Company in New Jersey, was injured on July 14, 1918, and that plaintiff, as insurance carrier for the Hedden Company, paid to Chartrand, Jr., as compensation the sum of $1,368.50; that in an action brought by Chartrand, Jr., through Richard A. Chartrand, as guardian, in the Supreme Court, Bronx county, against W. Ross Proctor, who was responsible for the injuries, a judgment for over $9,000 was obtained, and that Proctor paid over said judgment to Chartrand without deducting therefrom the moneys previously paid by plaintiff to Chartrand as compensation.

Plaintiff alleges that prior to the payment of said judgment and on May 13, 1919, the Hedden Company " filed with W. Ross Proctor, the third party against whom action had been brought by the injured employee, a statement of the compensation agreement between itself and its employee, Richard A. Chartrand, Jr."

Plaintiff further alleges that it was " pursuant to agreement " subrogated to all the rights of the Hedden Company, and demands judgment for the sum of $1,368.50 and for a lien to that extent upon the proceeds of the Proctor judgment now on deposit with the United States Fidelity and Guaranty Company. No personal judgment is asked against the elder Chartrand.

The question is whether or not, under the Workmen's Compensation Act of New Jersey, plaintiff has a cause of action in equity in this State against appellants and a lien upon the proceeds of the judgment obtained in New York against the third party responsible for the injuries.

A reading of the provisions of the New Jersey Workmen's Compensation Act indicates that it does not give plaintiff a lien upon the proceeds of the judgment obtained in New York by the infant Chartrand against the third party responsible for the injuries.

The New Jersey Workmen's Compensation Act,* upon which plaintiff bases its claim that it has a lien upon the proceeds of the judgment obtained against Proctor, provides, as alleged in the complaint, as follows:

If the injured employee receive from a third person a sum

---

* See N. J. Laws of 1911, p. 144, chap. 95, § 23, as amd. by N. J. Laws of 1913, p. 312, chap. 174, § 8; Comp. Stat. N. J. First Supp. pp. 1651. 1652, § 23. Since amd. by N. J. Laws of 1919, pp. 211, 212, chap. 93, § 9, and made § 23, subd. f.— [REP.

equivalent to the compensation payments for which the employer is liable, the employer shall be released from the obligation of compensation.

If the sum received by the injured employee from the third person be less than the total compensation for which the employer is liable, then the employer must pay the difference between such compensation and the amount which the employee receives from the third person.

The obligation of the employer under the statute to make compensation, continues until the payment by the third person to the injured employee.

If the employer file with the third person, prior to payment, a statement of the compensation agreement or award between the employer and the employee, then the employer is entitled to receive from the third person, upon the payment of the judgment, a sum equivalent to the compensation payments already made to the injured employee, which sum shall be deducted by the third person from the amount paid to the employee in release or in satisfaction of the judgment.

There is nowhere stated in the statute, nor can a reasonable implication be deduced from its context, that a lien on the funds of the judgment recovered for injuries is granted to the employer who pays compensation or to his subrogated insurance carrier. There is but an action at law given for the right to receive from the third person causing the injury a sum equivalent to the compensation payments. This right is in no sense equitable. It is purely a legal claim. If it be disregarded the remedy is against the third person who if he receives notice of payment of the compensation paid by the employer by filing with the third person a statement of the amount paid to the employee prior to payment of the judgment or the settlement is bound to retain the equivalent sum paid by the employer or an insurance carrier to the employee or else suffer the legal liability.

The New Jersey Workmen's Compensation Act does not by any of its terms grant to the employer any right to recover the compensation from the employee, if the employee should subsequently recover a judgment against the third party. The employer's exclusive remedy under this statute is against the third person, and this right accrues only in the event that the employer has filed a statement of the compensation agreement or award with such third person. The duty is placed on the third person to deduct from the judgment an amount equal to the compensation payments made to the employee and to return this amount to the employer. This duty falls under the statute upon the third person, only if the employer

**356** HARTFORD ACCIDENT & INDEMNITY Co. *v.* U. S. F. & G. Co.

First Department, May, 1924.                    [Vol. 209

has previously filed with him a statement of the compensation agreement or award made with the employee.

It is obvious that there is no mention made in the statute of a lien. How, then, can any lien be implied? The employer is given a right of action against the third party to recover the compensation payments made, and there is no basis even for the implication of a lien.

The money which the infant, Chartrand, received from Proctor was not a specific fund, to which the plaintiff could look for reimbursement either in equity or in law, for the compensation paid to Chartrand, Jr., under the New Jersey statutes sued upon.

To what did the lien attach? It was Proctor's duty to pay back to plaintiff, provided plaintiff first complied with the statutes, a sum of money equal to the amount of compensation paid to Chartrand, Jr.

But even if the New Jersey statute could be so construed as to find it gave a lien, such lien could have no extraterritorial force so as to reach the proceeds of a judgment in this State and give ground for their impounding.

If Chartrand's action against Proctor had been brought in New Jersey and the judgment rendered and entered in that State, then, if there be a lien under the New Jersey law, it could have been enforced.

But Chartrand's action was brought in New York, and the New Jersey Legislature cannot give a lien upon a New York judgment or declare that a resident of New Jersey, as plaintiff is, can compel a person in New York to set aside a portion of the proceeds of a judgment entered here and pay it over to a person in New Jersey.

If execution had been issued on the judgment, it would have been no answer for Proctor to say to the sheriff of Bronx county that he declined to turn over the entire amount of the judgment collected, but would pay only a part thereof, because the New Jersey statute declared that ran to the employer who paid compensation.

*De Witt* v. *Burnett* (3 Barb. 89) determined an identical legal proposition in apt language. The question arose as to whether an Ohio statute, granting a lien for supplies furnished to vessels, was enforcible in the New York courts. The court's opinion was: " Whatever the claim may be called, its effect depends upon the statute which created it. If it be a lien, it is a lien created by statute. If it appropriates the property, it does so by virtue of the statute of the State of Ohio, which statute cannot have an extraterritorial power or operation. It cannot create a lien on, or

appropriate any property beyond the jurisdiction of the State whose law it is. (Story on Conflict of Laws, 3rd ed. §§ 539, 546, 547.) This is a plain elementary principle, and in this country of constitutional governments and written laws, cannot require arguments or references for its support."

In the absence of an intention expressed or inferred, the presumption is that the Legislature does not design a statute to operate beyond the territorial limits of its jurisdiction. (26 Am. & Eng. Ency. of Law [2d ed.], 643.)

Foreign statutes which provide a special or peculiar remedy can be enforced only in the jurisdiction where the statute is enacted. (*Marshall* v. *Sherman*, 148 N. Y. 9.)

The New Jersey act in question, from its very nature, could only have been intended to apply to cases where the action against the third party was brought in New Jersey; and any lien which plaintiff asserts it purports to give could only have been granted in connection with a judgment entered in New Jersey.

We think the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.