Pʀᴀᴛᴛ, J., concurred.

Judgment reversed and new trial granted, cost to abide event.

---

## GEORGE MᴄGIBBON, Aᴘᴘᴇʟʟᴀɴᴛ, *v.* WHITTEMORE BAXTER, Rᴇsᴘᴏɴᴅᴇɴᴛ.

*When an owner, setting a fire on his own land, is not liable for injuries caused by it to a neighbor.*

One of two adjoining land owners set fire to some brush heaps on his own land at a point where there was a pond-hole originally made by fires, which in wet time was filled with water, distant some 100 yards from the land of the adjoining owner. The fire communicated to the soil and continued to burn slowly for six weeks or more and then entered upon and damaged the land of the adjoining owner,

*Held,* that the owner setting fire to the brush was not liable for the injuries caused by the fire.

That the fact that the fire was started in a very dry time, and that nothing was done by him to prevent its spread, did not create a liability on his part for its consequences.

*Clark* v. *Foot* (8 Johns., 421); *Stuart* v. *Hawley* (22 Barb., 619) followed.

APPEAL by the plaintiff from a judgment rendered upon the trial of an action at the Orange County Circuit, at which a nonsuit was granted, which was entered on May 5, 1888, in the office of the clerk of Orange county, dismissing the complaint in this action, with costs.

*A. S. Cassidy & Sons*, for the appellant.

*E. A. Brewster*, for the respondent.

BARNARD, P. J.:

There were no sufficient facts proven to make a case for a jury. The plaintiff and defendant are adjoining owners of land. The defendant set fire to some brush heaps on his own land. The fire communicated to the soil, and slowly continued to burn for six weeks or more, and then entered upon plaintiff's land and did him injury. The place of the fire at the starting point was some 100 yards from plaintiff. There was a pond hole originally made by fires, and in a wet time filled with water. It was a very dry time when the fire was started, and no rains of any consequence fell, and the drouth continued until the snow of December put the fire out. There is no conflict in the cases upon the subject. A man may set fire to his own, and he is not liable to an action if the fire escape into his neighbor's premises. The case is not varied if the fire is started in a dry time and nothing is done to prevent its spread. (*Clark* v. *Foot*, 8 Johns., 421; *Stuart* v. *Hawley*, 22 Barb., 619.) The case is a very strong one for the defendant, because it was started so far from the plaintiff's land, and was only to burn some brush heaps, and in view of the fact that it burnt six weeks to reach plaintiff's. A drouth of this duration could not be anticipated in the fall of the year.

The nonsuit was, therefore, right, and the judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.