(44 Misc. Rep. 260.)

## HITCHCOCK v. RILEY.

(Supreme Court, Trial Term, Franklin County. July, 1904.)

1. FIRE—NEGLIGENCE—CLEARING LAND.

A person in clearing his farm land can use fire, if he exercises ordinary care.

2. SAME—EVIDENCE.

A farmer, in the middle of April, after heavy rains, set fire to stumps on plowed lands, and at the end of the month a sudden gale of wind swept the fire from the stumps to an adjoining lot of another, which contained much dry material. The farmer and others were unable to extinguish the fire, and by revival of the gale it blew onto a second lot, belonging to a third person, and burned up his wood pile. *Held*, there was no evidence of negligence sufficient to render the farmer liable.

Action by Wilbur R. Hitchcock against Barney Riley. Verdict for plaintiff. New trial granted.

H. B. Chase (J. P. Kellas, of counsel), for plaintiff.
Badger & Cantwell, for defendant.

JOHN M. KELLOGG, J. On and prior to the 15th day of April, 1903, the defendant set fire to certain stumps in two places upon his premises—one place northerly from the creek, where the fallow had been burned the year before, the ground plowed, and potatoes raised, and another place south of the creek, where he burned some stumps, piling the limbs, sticks, and dry material upon them, and after the fires were set, and the loose material picked up for the fire, he plowed and dragged this land, and planted it to potatoes. These fires were set along his westerly line, which was about 192 rods from the plaintiff's woodpile, the woodpile being situated upon the easterly line of the Best lot, the westerly end of the woodpile being about 80 rods from the defendant's land. In March there had been considerable rain, and for the month preceding the 15th day of April about the usual amount of rain. A good rainfall took place April 3d, being 1.63 inches. Between the fires set by the defendant and the Best lot was the defendant's pasture land, upon which were various dry stumps. The land on the Best lot between the defendant's line and the woodpile had not been cut or pastured for two or three years, and there was a good deal of dry grass, weeds, and other dry combustible material upon the ground. The defendant worked from day to day upon his land, getting it ready for his crop, and observed the fire, and prior to the 30th day

¶ 1. See Negligence, vol. 37, Cent. Dig. § 28.

of April it had extended about 20 rods westerly from the plowed land toward the Best lot, but none of the fire was then within about 50 rods of the line between him and the Best lot.    April 30th a westerly wind arose, increased in velocity, and became a gale toward night, carried the fire from stump to stump across the defendant's land, and from the stumps on his land into the dry and combustible material upon the Best lot, and from stump to stump on the Best lot, and ignited a small pile of wood in the railroad right of way easterly of the Best lot, and was burning at different times and at different places all over the Best lot.    When the defendant saw the fire spreading by the gale, he did everything that he could do to arrest its progress, and he and the railroad employés worked hard to keep the fire from running from the small pile of wood upon the railroad right of way into the plaintiff's wood.    The fence between the wood piles was afire several times, and was put out, and by digging ditches and throwing sand, all felt that no further danger existed from the burning wood upon the right of way, or from the burning stumps upon the Best lot.    At this time the loose material had burned from the Best lot, and the only fires then existing were in the stumps on the defendant's land and on the Best lot, and the woodpile on the railroad right of way.    After the wind had died down materially, and all felt that the plaintiff's wood was safe, it again raised to a gale, and the fire from the stumps on the Best lot, or from the burning pile of wood upon the right of way, or from the burning stumps upon the defendant's land, caused the plaintiff's wood to burn.    The court instructed the jury that if the plaintiff's wood was burned by fire communicated from the woodpile on the right of way, there could be no recovery, and left them to determine how it occurred. This verdict, therefore, establishes that it did not communicate from the right of way, but communicated from fire blown from the burning stumps on the Best lot, or the burning stumps on the defendant's land.

It is perfectly lawful and proper to use fire in clearing land, and the defendant had the absolute right to burn the stumps upon his land, and was only required to exercise ordinary reasonable care to see that thereby he did not injure some one else.    When the fires were set, it was not such a dry time that the jury could say that the defendant was negligent in setting them.    If negligent at all, it was in allowing them to remain after April 15th, and after it was apparent that it was a settled dry time.    It will be observed that when set the fires were confined to the plowed land and the land in process of being plowed.    A full and fair consideration of the evidence does not seem to show such negligence upon the part of the defendant as to make him liable for the injury done the plaintiff.    McGibbon v. Baxter, 51 Hun, 587, 4 N. Y. Supp. 382.

Undoubtedly the plaintiff's loss arises from the unusual gale of wind, and from the dry and combustible matter allowed to remain upon the Best lot, for neither of which was the defendant at all responsible. The owner of the Best lot and the plaintiff were as much chargeable with knowledge of the dry material upon the Best lot as the defendant, and he was not prevented from burning the land because his neighbors allowed dry and combustible material on their premises.    The

whole situation called for ordinary care under all the circumstances, both by the defendant and by his neighbors. ✦ It would not seem that the natural and proximate result of the burning of the stumps on the defendant's land would be the communication of fire to the plaintiff's wood at so great a distance. But the plaintiff's injury comes from the intervening causes, to wit, the unexpected gale of wind and the combustible material upon the Best lot. I think, therefore, the verdict is against the weight of evidence, and that there is not sufficient evidence of the defendant's negligence upon which to found a recovery. Moreover, if the defendant's negligence is conceded, his liability only exists to the party to whom he next immediately communicated the fire. It is not a question of boundaries, farms, or lot lines, but the question whether the defendant's negligent fire was the direct cause of the plaintiff's loss. If we say that all of the fire on the defendant's land was a negligent fire, then he might be held liable for any injury he did the next adjoining party, namely, Best. But the injury to the plaintiff was caused, if not from the fire in the woodpile on the railroad right of way, by the fire running through the Best lot, and on account of the combustible nature of the material upon it, and by the gale of wind bearing the sparks from the property of Best to the property of the plaintiff. That it is not a question of boundary lines or farms, but of the proximate and direct cause, is shown by the Ryan Case, 35 N. Y. 210, 91 Am. Dec. 49, where the fire carelessly escaping from the locomotive burned the defendant's sheds upon its lands, and the sparks from the sheds burned the plaintiff's house, and it was held that the plaintiff's loss came from the burning of the shed, and not from careless management or defects in the engine. In the Frace Case, 143 N. Y. 182, 38 N. E. 102, the plaintiff's barn and hotel were burned, and the court charged the jury that to recover for the burning of both it must appear that each was destroyed by reason of the fire communicating directly from the engine, without the assistance of other agencies, or arising from any other cause. Hoffman v. King, 160 N. Y. 618, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715, and Van Inwegen v. Port Jervis M. & N. Y. R. Co., 165 N. Y. 625, 58 N. E. 878, also hold that the plaintiff, in order to recover, must show that his fire was caused directly, and not indirectly, from defendant's fire. In order to recover in this case the plaintiff must establish two propositions: (1) That the defendant negligently set or maintained a fire upon his land; and (2) that the negligent fire upon his land communicated directly the fire to the plaintiff's wood. It will not do if the fire set by the defendant was carried by the gale from stump to stump upon his land, and thus communicated to the stumps on the Best lot, and from stump to stump on the Best lot was communicated to the plaintiff's wood; but, as I view the authorities, a recovery can only be sustained by showing that the sparks from the defendant's land were carried through the air without any intervening cause, and lighted upon and caused the plaintiff's wood to burn. The charge in this respect was probably misleading. If the fire and the wind were sufficient to carry the sparks directly from defendant's land over onto the plaintiff's woodpile, it is very doubtful, considering the distance, the manner in which the fire was carried by the gale across the defendant's land and the Best lot, if the plaintiff's

loss would be the proximate result of the fire, and one of the results which an ordinarily prudent man could or ought to have foreseen as liable to happen. These questions can be more fully considered upon another trial. It is sufficient to set aside the verdict as not fairly sustained by the evidence, and to order a new trial, with costs to abide the event.

Ordered accordingly.