Homac Corporation and Others, Plaintiffs, *v.* Sun Oil Company, Defendant.

Supreme Court, Onondaga County, July 19, 1930.

*George W. O'Brien*, for the plaintiff Homac Corporation.

*Mac Kenzie, Smith, Michell & Bruce* [*Jesse Kingsley* of counsel], for the plaintiffs, insurance companies.

*Estabrook, Estabrook & Harding* [*LeRoy Williams* of counsel], for the defendant.

Dowling (William F.), J. On July 2, 1928, defendant was the owner of a parcel of land on the southwest corner, and the plaintiff Homac Corporation, was the owner of a parcel of land on the northwest corner of Turtle street and Sunset avenue, in the city of Syracuse, N. Y. About 1919 the defendant erected upon its said premises a large storage plant consisting of storage tanks for gasoline and oil and a warehouse and since then has conducted a wholesale oil and gasoline business on said premises. On and prior to July 2, 1928, there stood upon the Homac property several large

wooden structures which were devoted to manufacturing and storage business.

About midnight of July 2, 1928, the defendant was engaged in unloading into one of its storage tanks a tank car of gasoline. During the process of unloading the tank overflowed through a vent in the top. The gasoline ran down the tank to the ground and there vaporized and the vapor came into contact with a spark from an open commutator brush type motor, which was located under the said tank, which motor was used to operate a pump for pumping the gasoline into the storage tank through a pipe which carried it from the tank car. The spark ignited the vaporized gasoline 'and two very considerable explosions followed. Fire broke out around the motor and tank, igniting the gasoline in said tank, and then spread a considerable distance through various kinds of debris and drums of gasoline, to the warehouse, a wooden structure, igniting and consuming it. Sparks and embers from the fire spread over and across Turtle street onto the Homac property, igniting and destroying three of the largest buildings. The sparks and embers which ignited the Homac buildings came directly from the defendant's property. There were then no improvements, poles, wires or inflammable material in Turtle street.

At the time of the fire the Homac Corporation carried insurance upon its buildings, machines and equipment in the amount of $69,000. Following the fire the insurance companies paid the Homac Corporation $69,000, and took a subrogation agreement from it for any claim for damages said company might have against the defendant to the extent of $69,000.

The plaintiffs instituted this action against the defendant, charging the defendant with the negligent destruction of the said Homac Corporation buildings. The complaint contained no allegation of nuisance. Defendant interposed an answer denying liability. The case came on for trial before a jury in June, 1930, at Syracuse, N. Y. After a trial lasting two weeks, the jury returned a verdict in favor of the insurance companies for $69,000, and in favor of the Homac Corporation for $21,000.

In respect to said verdicts, the defendant moves as follows: (1) To set aside each of said verdicts on all grounds mentioned in section 549 of the Civil Practice Act; (2) upon the pleadings and proof had and taken upon the trial to set aside each of said verdicts and for a dismissal of the complaint.

Upon the trial the defendant urged, with great force and persistence, that the plaintiffs could not recover as a matter of law for two principal reasons, namely: (a) That the property of the defendant and the Homac Corporation did not abut or adjoin each

other; (b) that the fire broke out near the gasoline storage tanks and from there spread a considerable distance to a warehouse upon the defendant's property and that sparks and embers from the warehouse ignited the plaintiffs' buildings and constituted an intervening cause.

In support of the first proposition, the defendant introduced the records of the Onondaga county clerk's office, showing the chains of title of its own and the Homac properties, and from this evidence it claims that said titles do not extend to the center of Turtle street, and that, therefore, said properties do not abut or adjoin, nor are they contiguous to each other. The plaintiffs claim to the contrary. The plaintiffs' contention in this regard is sustained by the proof. (*Matter of City of New York*, 209 N. Y. 344; *Monogram Development Co., Inc.*, v. *Natben Construction Co., Inc.*, 253 id. 320.)

" The law is well settled in this State that the limit of liability caused by a fire negligently set and allowed to spread and destroy property, is the damage sustained by the owner of abutting lands, and that there can be no recovery for injuries sustained by proprietors of lands not adjoining the premises of the one responsible for the origin of the fire, as being too remote." (*Moore* v. *Van Beuren & N. Y. Bill Posting Co.*, 209 App. Div. 352, 355; *Hoffman* v. *King*, 160 N. Y. 618; *Davies* v. *D., L. & W. R. R. Co.*, 215 id. 181.)

The words " abutting," " adjoining," " contiguous," in tort cases, are not intended to be used in their ordinary sense, namely, that the properties must actually touch each other. I think that these words should be construed, under facts like those in this case, to mean that properties abut and adjoin, or are contiguous to each other, when they are quite near to each other and are separated by no other property which can be put to a private use, like a public street or public alley. For example, if Turtle street were a public alley, ten feet wide, could it be said that the properties in question were not adjoining or contiguous properties? The courts and text writers have so construed them. " What is adjacent may be separated altogether by the intervention of some third object." (*Baxter* v. *York Realty Co.*, 128 App. Div. 79, 80; *Brooklyn Heights R. Co.* v. *City of Brooklyn*, 18 N. Y. Supp. 876, 877; 1 C. J. 376, 1197, 1198, 1199; 13 id. 110, 111, 112; *Anderson* v. *Town of Albermarle*, 182 N. C. 434, 109 S. E. 262, 264; *Board of Supervisors of Houghton County* v. *Blacker*, 92 Mich. 638.) In contract and in most statutory actions, these words are used in their ordinary and plain meaning. (*Arkall* v. *Commerce Insurance Co.*, 69 N. Y. 192, 193; *Matter of Sherrill* v. *O'Brien*, 188 id. 185, 207.) Hence, it is

that whether the Homac Corporation or the defendant did or did not own to the center of Turtle street, for the purpose of this action, they are, nevertheless, adjoining properties, being separated only by a sixty-seven-foot street.

But whether they are or are not adjoining properties is immaterial because the fire did not spread from Turtle street onto the Homac property. One witness said that some gasoline flowed into Turtle street and burnt therein, but there is no proof that burning gasoline flowed on to the Homac property.

The proof is that on the night of the fire there was a very gentle breeze blowing to the north, otherwise the night was warm and sultry. The air currents developed by the heat and fire carried the sparks and embers directly across Turtle street onto the said Homac buildings setting them afire. Hence, the rule above quoted does not apply, because the fire did not spread from Turtle street onto the Homac property. (*Hitchcock* v. *Riley*, 44 Misc. 260, 263, 264.) If "A" negligently throws a live coal across "B's" property onto "C's" building, thereby destroying it, "A" is liable to "C," notwithstanding "B's" property intervenes. In *Hoffman* v. *King* (160 N. Y. 618, 627, 628) the court said (at pp. 627, 628): "*The damage must be the proximate result of the negligent act. It must be such as the ordinary mind would reasonably expect as a probable result of the act, otherwise no liability exists. If a person negligently throws a live coal of fire upon another's building, causing it to burn, the damages are the direct result of a negligent act, and the result is that which the ordinary mind would reasonably expect.*" The fire negligently set by the defendant immediately preceded the fire upon the Homac property and was the direct, proximate cause of the destruction of the Homac buildings. The ordinary mind would reasonably suspect that a fire on defendant's property, of the proportions of the one in question, would cast sparks and embers onto the Homac property under similar conditions. (*Hoffman* v. *King, supra,* 629.)

The contention of the defendant that sparks from the warehouse fire, upon its property, was an intervening cause which relieved the defendant of liability, is untenable. There was much inflammable material lying about the defendant's premises between the oil tanks and the warehouse. The fire spread, by reason of this inflammable material, to, and burnt the warehouse. Under the conditions surrounding the defendant's property on the night in question, fire communicated to any part of the property was almost certain to spread to the rest. Under those circumstances, the fire, which the jury found was negligently set, was the direct, proximate cause of the destruction of the Homac buildings. In *Davies* v.

*D., L. & W. R. R. Co.* (215 N. Y. 181) the court said (at p. 184): "In point of fact a fire communicated to any part of the property destroyed was almost certain to spread to the rest. If the origin of the fire was attributable to the negligence of the defendant, the entire destruction of property caused by it was a proximate result of that negligence. The mere fact that the fire may have spread from one building to the other, or from the buildings to the lumber, did not break the causal connection between the defendant's negligence and the entire damage done."

The testimony as to the amount of damages sustained by the plaintiffs was conflicting. The verdicts of the jury, totaling $90,000, are supported by a fair preponderance of the evidence and are, in no sense, excessive.

The case was properly submitted to the jury and their verdicts are in accordance with the evidence and with the instructions of the court, and the motions to set the same aside and for a dismissal of the complaint are, in all respects, denied.

Ordered accordingly.