ABRAHAM KAMINSKY and SAMUEL SUSSNOW, Appellants, v. JOHN F. TROMMER, INCORPORATED, and GEORGE F. TROMMER, Respondents.— The decision of this court handed down on October 23, 1936 [248 App. Div. 906], is hereby amended to read as follows: Order granting motion to strike out certain paragraphs of the further amended complaint and striking out said complaint reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, except as to the words " in accordance with the demand of the said defendants," contained in paragraph eleventh of the complaint, as to which the motion to strike out is granted. When a criminal charge is sustained to the extent that a magistrate holds a defendant for the action of a grand jury, or a grand jury indicts, both of which elements occurred in this case, there is a *prima facie* showing of the existence of probable cause and it is incumbent upon the plaintiffs to rebut this showing by alleging facts involving the malicious failure of the defendants to inform the public authorities of the surrounding facts or circumstances, or a malicious distortion of them, to the end that if complete information had been furnished, the charges would not have been entertained. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296; *Graham* v. *Buffalo General Laundries Corp.*, 261 id. 165; *Green* v. *General Cigar Co., Inc.*, 238 App. Div. 638; *Spevack* v. *Bedcro Realty Corporation*, 241 id. 834.) Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

SOLOMON KELLER and SAMUEL BORIS, Respondents, v. NAT LEWIS, Appellant, and HARRY LEWIS, Defendant.— Order granting plaintiffs' motion to strike out the second and third separate defenses as contained in defendant-appellant's answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

PHILIP LEVINE, Appellant, v. THE CITY OF NEW YORK and GOLDBERGER-RAABIN Co., INC., Respondents.— In an action for damages for deprivation of lateral support, negligence and breach of contract, judgment for the defendants dismissing the plaintiff's complaint reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion the proof of cost of restoration was competent and constituted a *prima facie* showing of damages. By offering such proof rather than following the alternative method of showing diminution in value, the plaintiff necessarily implied that such cost is lesser in amount. We are also of opinion that section 261 of the Greater New York Charter does not govern the plaintiff's first cause of action, based upon deprivation of lateral support. Lateral support is an obligation which arises as an incident to the ownership of real property and its deprivation results in absolute liability, irrespective of negligence. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.