THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Plaintiff, *v.* ROY SKOGEN and MATHIAS SKOGEN, Defendants.

Supreme Court, Trial Term, New York County, May 26, 1939.

*K. B. Powers,* for the plaintiff.

*O. S. Bowling,* for the defendant.

BENVENGA, J. It appears that one of the defendants set a fire in a fireplace, held a pot of wax over it for the purpose of melting it, and the pot caught fire. In an attempt to dispose of it, the defendant carried the burning pot from the fireplace to the door, a distance of about fourteen feet. On opening the door, a strong gust of wind blew the door against the burning pot, knocking it out of his hands and into the room. A fire then started, which the defendant was unable to extinguish.

Was the defendant guilty of negligence in setting the fire, or not guarding it from spreading?

The mere setting of a fire for lawful purposes and under prudent circumstances is not negligence *per se.* But fire being a dangerous element, it was the duty of the defendant to use reasonable care in setting it, in keeping it under control, and in preventing it from spreading. Whether the defendant exercised reasonable care in these respects depends upon the circumstances of each particular case. (3 Cooley on Torts [4th ed.], § 422; 45 C. J. 850, 851; *Hitchcock* v. *Riley,* 44 Misc. 260, 262.)

In my opinion there is no evidence in the case which would warrant imputing the damage caused by the fire to the negligence or misconduct of the defendant either in setting the fire or in keeping it under control or in preventing it from spreading. Nor am I satisfied that the plaintiff has sustained the burden of proving such negligence or misconduct.

I direct that judgment be entered in favor of the defendants.