UNION COURSE HOLDING CORPORATION, Plaintiff, *v.* TOMASETTI CONSTRUCTION COMPANY et al., Defendants.

Supreme Court, Trial Term, New York County, November 27, 1944.

*Samuel Marion* for plaintiff.

*Frederick Mellor* for defendants.

MORRISON, J.   This is an action to recover damages against the defendant Tomasetti Construction Company (hereinafter referred to as the contractor) and the defendant Long Island Railroad Company (hereinafter referred to as the railroad company.)   The parties defendant had made a contract for the construction of a subway under the surface of a portion of Atlantic Avenue, borough of Queens, in the city of New York. The Transit Commission of the State of New York had granted a franchise to the railroad company for the construction and operation of such subway, under and along Atlantic Avenue, including that part thereof in front of certain premises which were owned by plaintiff.

The railroad company by way of cross complaint demands judgment against the contractor for any amount which may be recovered by plaintiff against the railroad company.

Each of the defendants sets up as a separate defense that the work done was pursuant to the requirements and authority of the New York City Grade Crossing Elimination Act (L. 1928, ch. 677), which provides that if the work of such elimination causes damage to property not acquired by the State, the State shall be liable therefor in the first instance, and therefore, the defendants assert that this court has no jurisdiction of the subject matter of the action and that such jurisdiction is exclusively in the Court of Claims of the State of New York.

This action is properly brought against the contractor and the agent of the State, at common law, for damages. Both defendants are liable for any tort they commit as if they were agents of a private person or acting for themselves. (*Columbia Machine Works* v. *Long Island R. R. Co.*, 267 App. Div. 582.) Plaintiff's motion to strike out each such separate defense, as to which decision was heretofore reserved, is granted.

The proof shows that plaintiff's building was damaged by the defendant contractor's excavating, pursuant to its contract with the defendant railroad company, in the bed of Atlantic Avenue, in front of plaintiff's property, to a depth of twenty-eight to thirty feet, without protecting plaintiff's walls.

Plaintiff claims that it is entitled to recover damages because the work was done in violation of statutory provisions now embodied in the Administrative Code of the City of New York, and in breach of the contract between the defendants.

As to the latter contention, plaintiff cannot, in this action, maintain its claim that the contract was made for its benefit, and sue for damages for breach of contract, as that would be a separate cause of action, based on an entirely different theory than that alleged in the complaint. The claim was excluded from the case by the rulings of the court made at the close of the entire case, denying plaintiff's motion to amend the pleadings to conform to the proof.

As to the former contention, it is true that under section 22 of the Building Code, plaintiff could not recover damages because that statute referred only to excavations on lots and not to excavations in a public street. (*Susswein* v. *Bradley Contracting Co.*, 184 App. Div. 852). However, in the pertinent section of the Administrative Code of the City of New York (L. 1937, ch. 929) which superseded the Building Code, and which was in force at the time the subway was constructed by

these defendants, there is no reference to "lot" and instead the terms ".adjoining property" and "adjoining structure" are used (Administrative Code, § C26–385.0, subd. a).

It is the settled law of this State that an abutting owner, who owns no part of the street, has a right to the lateral support of the land in the street, and that right constitutes an easement for lateral support, of which such owner cannot be deprived without just compensation. (*Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 81; *Susswein* v. *Bradley Contracting Co., supra.*) The change in the statute did not destroy or diminish that right.

The construction of a ·subway in a street is not an ordinary street use, or for street purposes. If the excavation had been made for such purposes, there would be no liability for damages without proof of negligence. As the construction was not an ordinary street use, or for street purposes, plaintiff's rights are not dependent upon proof of negligence, but are governed by the settled doctrine that an abutter, where the excavation in the street is not such a use, is entitled to lateral support for his building, and when such support is taken away, he is entitled to damages, even though there is no proof of negligence in the taking. (*Matter of Rapid Transit R. R. Comrs, supra; Realty Associates* v. *City of New York*, 184 App. Div. 902; *Levine* v. *City of New York*, 249 App. Div. 625.)·

Furthermore, the Administrative Code of the City of New York was violated in making the excavation. Subdivision **a** of section C26–385.0 provides that:

" Whenever an excavation is carried to a depth of more than ten feet below the curb, the person who causes such excavation to be made shall * * * at all times and at his own expense, preserve and protect from injury any structure the safety of which may be affected by such part of the excavation as extends more than ten feet below the curb, and such person shall support the adjoining structure by proper foundations, whether or not such structure is more than ten feet below the curb." Obviously, the minimum depth of ten feet was exceeded; the court finds that the excavation was made without preserving and protecting from injury plaintiff's structure; that its safety was affected by the part of the excavation which extended more than ten feet below the curb; and furthermore, in violation of the statute, the person who caused the excavation to be made did not support plaintiff's structure by proper foundations. Within the meaning of the statute, the court holds that plaintiff's building was an " adjoining structure " (see *Baxter* v. *York*

*Realty Co.*, 128 App. Div. 79, affd. 198 N. Y. 521; *Homac Corporation* v. *Sun Oil Co.*, 137 Misc. 551).

The defendant railroad company contends it is not liable for the acts of the contractor because the latter was an independent contractor. The railroad company however, knew or should have known, that the excavation might result in injury to property of an abutting owner, who had the right of protection by common law and statute. The railroad company could not delegate to another the work of excavation and thus escape liability; nor could it interpose the contract between the defendants to escape responsibility and thus obtain immunity by letting a contract for the work to an independent contractor. (*Bergen* v. *Morton Amusement Co., Inc.*, 178 App. Div. 400; *Storrs* v. *The City of Utica*, 17 N. Y. 104; *Deming* v. *Terminal Railway of Buffalo*, 169 N. Y. 1.)

The court accordingly finds that each of the defendants is liable to the plaintiff for the damages which it has sustained.

Defendants contend that damages cannot be determined because plaintiff has not proved rental loss or depreciation in the value of the property. Plaintiff's uncontradicted proof is, however, that the reasonable cost of necessary repairs is not less than $9,800 and, upon the evidence, the court finds that plaintiff has been damaged in the sum of $9,800.

No proof was offered by either party as to the diminution of market value of the property. While the proper measure of damages for an injury of this kind is either the cost of restoring the damaged property or the diminution in its market value, whichever is the lesser, since, however, defendants did not supply the other mode of proof, the cost of restoration of the building must be accepted as the measure of damages and the indemnity to which plaintiff is entitled. (*Hartshorn* v. *Chaddock*, 135 N. Y. 116; *Parish* v. *Baird*, 160 N. Y. 302; *Slavin* v. *State of New York*, 152 N. Y. 45; *Levine* v. *City of New York*, 249 App. Div. 625, *supra*.)

Judgment is accordingly awarded plaintiff against both defendants for $9,800. Judgment is also awarded on the cross complaint of the railroad company in its favor against the contractor for said sum.

The findings of fact and conclusions of law have been passed upon.