Abtur D. Brennan, J.
The plaintiff as the owner of approximately 25 acres of land in the Town of Greenburgh has instituted this action to enjoin the defendants from diverting and discharging surface water upon the plaintiff’s land by means of an 18-inch drain pipe and two 21-inch drain pipes and for damages.
Pursuant to the request of counsel for the respective parties and in their presence, this court viewed the premises of the parties and the surrounding territory prior to the taking of the testimony. It was agreed that such view by the court, in conjunction with evidence adduced at the trial, was to be used by the court in determining the issues presented in this case.
In March, 1954 the defendants, Hutchinson Estates No. 3, Inc. and Hutchinson Estates No. 4, Inc., purchased a large tract of land immediately adjacent to the east of the plaintiff’s property and proceeded with the development thereof by subdividing the property into single plots and constructing many private houses thereon with paved streets for access thereto. These defendants employed the defendant, Town & Country Builders, Inc., to construct a storm water system in connection with said development. This system was constructed of 18-inch and 21-inch pipes placed in the bed of the streets in the development. This system is approximately a mile in length and drains over a mile and a half of roadway. With such a development the increase of the run-off from any storm is approximately 30%. The surface waters of the northerly portion of the development are collected in the 18-inch pipe and are channelled off onto the plaintiff’s property; this drain has been referred to and known in this case as the northerly drain and is shown on Exhibits 3, 4 and 5. The flow of this water has deepened and widened a small ditch on plaintiff’s property and then said water finds its way to an old ravine previously existing thereon. It proceeds through the ravine for some distance and while so doing, causes no damage therein. However, upon leaving the ravine, this water finds its way to the gulley (marked “ present channel”, on Exhibit 2) which *83 gulley was created by the surface water from the two 21-inch drains which are hereinafter discussed.
The surface waters of the southerly portion of the development are collected in the two 21-inch pipes and are also channelled off onto the plaintiff’s property; these two drains are shown on Exhibit 15 and are referred to and known in this case as the southerly drains. In the opinion of this court, the waters flowing from these two 21-inch drains have materially damaged the property of the plaintiff. Some of this damage is clearly shown in Exhibits 10, 11, 12, 13, 14 and 16. Deep gullies have been created on the plaintiff’s property «as the result of the volume of surface water collected in and flowing from these drains with considerable velocity and it appears to be evident that as time goes on, these gullies mil increase in depth and width with each rainfall causing the plaintiff’s land to be further eroded. This court finds from the credible evidence that no damage was occasioned to the plaintiff’s property by the flow of surface waters until after the drainage changes were made as above indicated. The owners of the development were men of experience and there is some evidence that they were represented by able counsel at a time when problems arose with respect to the construction of the drainage system. After a careful consideration of all of the evidence, this court is of the view that these developers might and should reasonably have anticipated the condition that presently exists on the plaintiff’s property and made provision for the security of that adjacent property through better engineering. It is also to be noted that the present Town Engineer will not recommend to the Town Board that the dedication of the streets in this portion of the development (where all of the drains are located) be accepted until this drainage problem is “ solved
It appears to be a well-settled principle that any natural or normal alteration of the surface of one’s land through reasonable improvement thereof which results in the casting of surface waters upon the land of another creates no liability unless such surface waters are so collected in drains, pipes or ditches as to be cast onto such other’s premises (Barkley v. Wilcox, 86 N. Y. 140; Bennett v. Cupina, 253 N. Y. 436; Kossoff v. Rathgeb-Walsh, 3 N Y 2d 583).
After a careful review of the evidence, supplemented by a visit to the locality and in the light of the law set forth in the cited cases, this court concludes that these developers failed to exercise that ordinary care which the situation demanded; that the means provided by said developers for the collection and *84 disposition of the water collected in the aforesaid development were inadequate and improper and that su'ch was the proximate cause of the plaintiff’s damage (Mennito v. Town of Wayland, 56 N. Y. S. 2d 654).
It appears that the defendants, Hutchinson Estates No. 3, Inc., and Hutchinson Estates No. 4, Inc., are the owners and in control respectively of the 18-inch pipe and the two 21-inch pipes which are open near the boundary line of the plaintiff’s property and from which the water flows onto the plaintiff’s property causing the damage complained of. Accordingly, a permanent injunction will be granted restraining these last-mentioned defendants from collecting and discharging surface waters upon the plaintiff’s property. As it may take some time to create some other method for disposing of these surface waters, such injunction will not become effective until January 2, 1959. Damages are awarded to the plaintiff against the defendant, Hutchinson Estates No. 4, Inc. but are denied as to the defendant, Hutchinson Estates No. 3, Inc. as there has been no allocation in the proof of damage of the cost of restoral of that portion of the northerly or ‘ ‘ present channel ” which lies between the westerly terminus of the ravine (where the surface waters from the 18-inch pipe leave the ravine and enter the said northerly or “present channel”) and the westerly terminus of said northerly or “ present channel ”. This court is of the opinion that the testimony submitted on behalf of the plaintiff as to restoration costs, did not include any computation for restoring that portion of the plaintiff’s property which has heretofore been referred to as the old ravine. Such restoration costs relate solely to restoring that part of the property of the plaintiff indicated by the blue broken lines on Exhibit 2 and are found by this court to be in the reasonable sum of $12,846.98. Further, this court is of the view that where, as here, no proof has been submitted as to the diminution in market value and there is no showing that restoration costs exceeded market value diminution, then restoration costs constitute the proper measure of damages. (Harder Realty Constr. Co. v. City of New York, 64 N. Y. S. 2d 310, 321.)
The complaint as to the defendant, Town & Country Builders, Inc., is dismissed. No costs are allowed.
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.