■ ATTORAM REALTY CORP., Respondent, v. TOWN & COUNTRY BUILDERS, INC., Defendant, and HUTCHINSON ESTATES NO. 3, INC., et al., Appellants.— Appeal from so much of a judgment entered after trial as (1) enjoined appellants from collecting surface waters on their land and discharging such waters onto respondent's land, and (2) as awarded respondent money damages against the appellant Hutchinson Estates No. 4, Inc. Appellants were the owners of several tracts of land in the Town of Greenburgh, Westchester County, to the east of a tract of land owned by the respondent. Appellants developed their land with one-family houses and in connection therewith built an 18-inch drain and two 21-inch drains to drain off excess rain waters from the development. Respondent claims that the increased flow of rain water caused by these drains resulted in the formation of deep gullies on its property. The trial court found this to be the fact, awarded damages of almost $13,000 payable by appellant Hutchinson Estates No. 4, Inc., for the restoration of respondent's property, and enjoined both appellants from further discharging such water. Judgment insofar as appealed from reversed, without costs, and a new trial granted for the limited purposes of (1) ascertaining

the amount of respondent's damages based upon the difference between the value of his property immediately prior to the installation of the drains and the value of the property subject to occasional overflows in time of heavy rain, and (2) providing for injunctive relief against both appellants if the damages awarded are not tendered or paid within a reasonable time to be fixed by the Special Term. In our opinion, the finding that the gullies on respondent's property were formed solely as the result of the installation of the two south, or 21-inch, drains in the Spring of 1956 is against the weight of the evidence. The evidence shows that at least the greater part of the gullies was formed prior to that date. However, since respondent may have suffered damage to its property after the Spring of 1956 and will continue to suffer damage in the future, it is our opinion that the proper measure of damage is the difference between the value of its land prior to the installation of the drains and the value of the land subject to occasional overflows in time of heavy rains. (*Cashin* v. *City of New Rochelle*, 256 N. Y. 190.) Under the facts of this case, the grant of a mandatory injunction would be oppressive. (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22.) However, the injunction should be granted if the damages awarded are not tendered or paid within a reasonable time. (*Squaw Is. Frgt. Term. Co.* v. *City of Buffalo*, 273 N. Y. 119.) Wenzel, Acting P. J., Beldock and Hallinan, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to affirm the judgment with the following memorandum: By installing the drain pipes appellants seek in effect to impress an easement on respondent's property. They knew, or should have reasonably anticipated, that their drains would collect and discharge surface waters upon respondent's land. Originally, appellants had planned to channel off the water onto an adjoining development in the Village of Ardsley, but when that plan failed, they deliberately proceeded with their present system of drainage onto respondent's property. By consent of the parties, the learned Trial Justice made a personal inspection of the premises. The evidence supports his finding that the damage complained of was caused by the flow of surface waters after the installation of the drains. In the absence of proof as to diminution in market value of the property, restoration costs were the proper measure of damages. (*Hartshorn* v. *Chaddock*, 135 N. Y. 116, 123; *Union Course Holding Corp.* v. *Tomasetti Constr. Co.*, 184 Misc. 382, 386, affd. 269 App. Div. 775, affd. 295 N. Y. 802.) [14 Misc 2d 81 ]