■ CORONET PROPERTIES Co. et al., Appellants, v L/M SECOND AVENUE, INC., et al., Respondents, et al., Defendant. URBAN FOUNDATION COMPANY, INC., Third-Party Plaintiff-Respondent, v FALCO CONSTRUCTION CORP., Third-Party Defendant-Respondent.—Orders, Supreme Court, New York County (William Davis, J.), entered December 14, 1989, April 30, 1990

and June 4, 1990, respectively, which, *inter alia,* denied plaintiffs' motion for partial summary judgment and for leave to amend the ad damnum clause of the complaint, unanimously affirmed, without costs.

Plaintiffs, who commenced this action for property damages allegedly caused by defendants during excavation and related activities, moved for partial summary judgment based on Administrative Code of the City of New York § 27-1031, which provides that one who excavates to a depth of more than 10 feet below curb level must, at his own expense, preserve and protect any adjoining structures from injury.

The motion was properly denied. While Administrative Code § 27-1031 has been held to impose absolute liability *(see, Harder Realty & Constr. Co. v City of New York,* 64 NYS2d 310, 318; *Levine v City of New York,* 249 App Div 625) upon both the owner and contractor who perform the excavation *(Palermo v Bridge Duffield Corp.,* 154 NYS2d 288, *affd* 3 AD2d 863), in these and other cases relied upon by plaintiffs, liability was determined after trial upon findings that defendants had failed to take adequate precautions to protect adjoining structures and that defendants' activities were the proximate cause of the damage *(see, Harder Realty & Constr. Co. v City of New York, supra).* These factual issues, together with evidence of the poor condition of the allegedly damaged buildings and of other possible causes of the damage, preclude summary disposition of this matter.

The IAS court was also correct in denying the motion to increase the ad damnum clause and in precluding proof of damages in excess of the existing demand, given the reason for the three-year delay and attendant prejudice to the defendants. *(See generally, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, *rearg denied* 55 NY2d 801.) Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.