■ FAYA B. COHEN, Respondent, v LESBIAN & GAY COMMUNITY SERVICES CENTER, INC., Appellant, et al., Defendants. [799 NYS2d 190]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered on or about October 23, 2002, which to the extent appealed from, awarded summary judgment in plaintiff's favor, declaring that defendant Lesbian & Gay Community Services Center, Inc. is solely responsible for the repair and maintenance of its exposed basement and vault wall, unanimously affirmed, without costs.

Administrative Code of the City of New York § 27-1031 (b) (1) provides that an excavator's duty to "preserve and protect" adjoining structures applies when the excavation exceeds a depth of 10 feet from curb level, and there is strong indication that plaintiff Cohen's predecessor did in fact excavate to a depth triggering the aforementioned excavator's obligations. We cannot, however, agree with defendant-appellant that the excavator's duty to "preserve and protect" was intended to last in perpetuity and bind subsequent landowners.

The duty under the statute is intended to apply to the activities during the excavation process and to any damage suffered by the adjoining owner proximately resulting from the excavator's failure to take adequate precautions to protect adjoining structures during the excavation (*see e.g. Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242 [1990]; *Palermo v Bridge Duffield Corp.*, 3 AD2d 863 [1957]; *Victor A. Harder Realty & Constr. Co. v City of New York*, 64 NYS2d 310, 318 [1946]).

No case is cited, however, to support the existence of the extraordinary, open-ended maintenance obligation urged by defendant-appellant, nor does the statute lend itself to such interpretation. Concur—Tom, J.P., Saxe, Sullivan, Ellerin and Nardelli, JJ.