OPINION OF THE COURT
Lewis J. Lubell, J.
Plaintiff, Robert Antenucci, commenced this action sounding *369 in negligence, vicarious liability, respondeat superior and breach of contract against defendants Reliable Electric, Inc., an electrical contractor, and Lonnie Cialleia, its employee, in connection with the alleged negligent installation of an electrical system upgrade performed at plaintiffs commercial premises located at 3470 Route 9, Cold Spring, New York, and from which he operated a business known as “Wing-it Deli.”
More particularly and as cast in the original complaint, damages sought
“includ[e] but [are] not limited to cost to hire an investigator and other professionals to inspect the damage caused to the property and to provide cost estimates to repair the property, costs to repair and/or reconstruct the building and its systems at the property, costs to replace damaged or destroyed personalty and loss of business, together with statutory interest” (emphasis added).
The following novel issue is raised in connection with plaintiffs motion pursuant to CPLR 3025 for leave to file and serve an amended complaint “to add [lost rent as] an additional element of damages” to each cause of action: whether the owner of commercial premises may seek to recover lost rental income due to their temporary loss of use while, at the same time and for the same period, seeking to recover lost profits in connection with a business the owner operated out of those commercial premises. The court answers the question in the negative. Thus, the motion is denied.
CPLR 3025 (b) provides that leave to amend pleadings “shall be freely given upon such terms as may be just.” Thus, motions for leave to amend are liberally granted absent prejudice or surprise (see Long Is. Tit. Agency, Inc. v Frisa, 45 AD3d 649 [2007]).
“A court hearing a motion for leave to amend will not examine the merits of the proposed amendment unless the insufficiency or lack of merit is clear and free from doubt ... In cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied” (id. at 649 [internal quotation marks and citation omitted]; see Ricca v Valenti, 24 AD3d 647 [2005]).
Even when assuming, without so finding, that any recovery of lost rental income sought by plaintiff as landlord or recovery of lost profits sought in his capacity as business owner would not *370 be precluded as “speculative and incapable of being proven with any reasonable certainty” (Brown v Samalin & Bock, 168 AD2d 531, 532 [2d Dept 1990], citing Kenford Co. v County of Erie, 67 NY2d 257 [1986]), the court is persuaded that the proposed amendments are palpably insufficient and patently devoid of merit such that an examination of the merits and the legal sufficiency of the proposed pleadings is warranted (Mackenzie v Croce, 54 AD3d 825, 826 [2d Dept 2008]; see also Rosicki, Rosicki & Assoc., P.C. v Cochems, 59 AD3d 512, 513-514 [2d Dept 2009]).
While plaintiff, as property owner and landlord, may properly seek to be restored to his original position, he cannot seek a windfall. “[T]he proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration” (Jenkins v Etlinger, 55 NY2d 35, 39 [1982], citing Hartshorn v Chaddock, 135 NY 116, 122 [1892]). “[P]laintiff need only present evidence as to one measure of damages, and that measure will be used when neither party presents evidence going to the other measure” (id. at 39, citing Union Course Holding Corp. v Tomasetti Constr. Co., 184 Misc 382, 383 [1944], affd 269 App Div 775 [1945], affd no op 295 NY 802 [1946]; see also 13 NY Jur, Damages § 87).
Here, as can be properly gleaned from the original complaint, plaintiff, in his capacity as property owner, seeks damages including, but not limited to, the costs to repair and/or reconstruct the building, i.e., “the cost of restoration” (Jenkins v Etlinger). In contrast, as business owner, plaintiff seeks compensation for loss of business, i.e., lost profits.
The damages sought to be “added” by way of the amended pleadings, lost rent due to the temporary loss of use of the premises by a tenant, necessarily relates to plaintiff in his capacity as owner of the premises. To allow plaintiff to recover imputed rent as landlord and, as well, lost profits as tenant/ business owner would be to allow a windfall of the amount of imputed rent unless the imputed rent was used to reduce lost business profits.
Since, at worst, the requested amendment would effectuate an improper windfall and, at best, a zero-sum game (since the amount of imputed rent would necessarily be deducted from the amount of lost business profits), the granting of the application accomplishes nothing except confusion.