■ MICHAEL G. O'HARA et al., Appellant-Respondents, v NEW SCHOOL et al., Respondents-Appellants, et al., Defendants. (And a Third-Party Action.) [987 NYS2d 386]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered July 10, 2013, which denied plaintiffs' motion for partial summary judgment against defendants-respondents as to plaintiffs' cause of action alleging breach of Administrative Code of the City of New York § 3309.4, and denied defendant-respondent Urban Foundation/Engineering, LLC's cross motion for partial summary judgment dismissing plaintiffs' claims to recover damages for injury to common elements of a condominium building for lack of standing, unanimously modified, on the law, to grant Urban's cross motion to the extent of dismissing the portions of the amended complaint that seek damages for injury to the common elements of the building, and otherwise affirmed, without costs.

Plaintiffs failed to make a prima facie showing that defendants-respondents violated Administrative Code § 3309.4 and that the violation proximately caused plaintiffs' alleged injuries (*Coronet Props. Co. v L/M Second Ave.*, 166 AD2d 242, 243 [1st Dept 1990]). In particular, plaintiffs did not proffer evidence showing that they granted defendants the requisite license under the statute. In any event, defendants sharply contest that a license was given, which is enough to raise a genuine issue of material fact. Further, there is an issue of fact as to the proximate cause of plaintiffs' injuries, since defendants have pointed to evidence of unforeseen leaking utilities next to the construction site that could have been the cause of the injuries. Moreover, the motion court properly denied plaintiffs' pre-discovery motion on the basis of prematurity, since there are facts upon which the motion is predicated that are "clearly not within the knowledge of [defendants]" (*Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333 [1st Dept 1989] [internal quotation marks omitted]).

As the motion court noted, plaintiffs' verified amended complaint seeks damages for injury allegedly suffered to the entire condominium building, common elements and all. It is uncontested that plaintiffs lack standing to seek such damages; accordingly, defendant Urban's cross motion for partial summary judgment should have been granted to the extent indicated (*Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc.*, 73 AD3d 581, 581 [1st Dept 2010]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.