■ In the Matter of TORY BURCH LLC, Respondent, v HERBERT MOSKOWITZ, Doing Business as MANHATTAN REALTY COMPANY, Appellant. [43 NYS3d 901]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 11, 2016, which granted petitioner a license to enter respondent's adjoining property in order to take steps to protect respondent's property during renovations to the facade and roof of petitioner's building, unanimously reversed, on the

law, without costs, the petition denied, and the proceeding pursuant to RPAPL 881 dismissed.

The petitioner failed to make a showing as to the reasonableness and necessity of the trespass referenced in the order where, at the time of its petition, none of the items sought had been memorialized in specific plans filed and approved by the Department of Buildings, and the project was under a stop work order (*see Mindel v Phoenix Owners Corp.*, 210 AD2d 167 [1st Dept 1994], *lv denied* 85 NY2d 811 [1995]; *see also Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz*, 114 AD3d 491 [1st Dept 2014]). Further, the court erred in including those items in the license that would be permanent encroachments on respondent's buildings (*see Matter of Broadway Enters., Inc. v Lum*, 16 AD3d 413 [2d Dept 2005]). The parties' disagreement over their respective rights, if any, arising from a party wall in use prior to petitioner's demolition of the building formerly at 151 Mercer, is not relevant upon this limited petition.

We have considered the parties' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.