Moskowitz v Tory Burch LLC (2018 NY Slip Op 03481)





Moskowitz v Tory Burch LLC


2018 NY Slip Op 03481


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6559 159599/15

[*1]Herbert Moskowitz, doing business as Manhattan Realty Company, Plaintiff-Appellant,
v
Tory Burch LLC, et al., Defendants-Respondents, New York City Department of Buildings, Defendant.


Peluso & Touger, LLP, New York (Robert R. Moore, Jr. of counsel), for appellant.
Wasserman Grubin & Rogers, L.L.P., New York (Richard Wasserman of counsel), for Tory Burch LLC, respondent.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for Skanska USA Building Inc., respondent.
Kennedys CMK LLP, New York (Joseph P. McNulty of counsel), for Thornton Tomasetti, Inc., respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Steven R. Montgomery of counsel), for Langan Engineering Environmental Surveying & Landscaping Architecture PPC, respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 11, 2017, which denied plaintiff's motion for partial summary judgment on the claims for breach of contract, strict liability, and attorneys' and experts' fees, unanimously modified, on the law, to grant the motion as against defendant Tory Burch LLC (TBLLC) with respect to the strict liability claim and the part of the breach of contract claim premised on the obligation contained in section 9(a) of the license agreement between plaintiff, TBLLC and defendant Skanska USA Building Inc., and otherwise affirmed, without costs.
Plaintiff alleges that damage was caused to a building he owns, at 153 Mercer Street in Manhattan, as a result of work performed at an adjacent property, at 151 Mercer Street, leased to defendant Tory Burch LLC (TBLLC) for the planned construction of a four-story retail building. In connection with the construction project, TBLLC retained defendant Skanska USA Building Inc. as the construction manager, defendant Langan Engineering, Environmental, Surveying and Landscape Architecture, PPC as the geotechnical engineer, and defendant Thornton Tomasetti, Inc. (TT) as the structural engineer.
Plaintiff established prima facie that TBLLC "cause[d]" soil or foundation work to be made, pursuant to the license agreement,[FN1] and that the work proximately caused damage to his [*2]building (see NY City Building Code [Administration Code of City of NY tit 28, ch 7] § BC 28-3309.4; Coronet Props. Co. v L/M Second Ave., 166 AD2d 242, 243 [1st Dept 1990] [deciding motion for summary judgment on claim under Administrative Code former § 27-1031, now § 28-3309.4]). Plaintiff's evidence included an affidavit by Robert Moskowitz, an employee, who asserted on the basis of personal knowledge that the building was damaged after pile drilling was performed on TBLLC's behalf on the side of the 151 Mercer lot adjacent to 153 Mercer. TT's subsequent investigation on TBLLC's behalf concluded that the work on the project had caused damage to plaintiff's building. In opposition to plaintiff's motion, TBLLC failed to raise an issue of fact; its objections to plaintiff's evidence merely raise issues as to the nature and the extent of the damage to plaintiff's building attributable to the construction work.
TT's reports should have been considered as party admissions (see Buckley v J.A. Jones/GMO, 38 AD3d 461, 463 [1st Dept 2007], citing Penn v Kirsh, 40 AD2d 814 [1st Dept 1972]) and as admissions by an agent, since TT prepared the reports as TBLLC's agent to assess damage to plaintiff's building and recommend how to proceed (see Rosasco v Cella, 124 AD3d 447 [1st Dept 2015], citing Georges v American Export Lines, 77 AD2d 26, 33 [1st Dept 1980]). However, the reports are inadmissible against Skanska and Langan. Thus, plaintiff failed to meet his prima facie burden as to them.
Plaintiff established through evidence of the nature and timing of the damage that the damage was sustained after the license agreement was entered into, on April 2, 2015 (see New Life Holding Corp. v Turner Constr. Co., 2014 NY Slip Op 32590[U] [Sup Ct, NY County 2014]). This evidence was consistent with the pile drilling schedule and TT's report that "[t]he majority of the movement at [plaintiff's building] appears to have taken place between June 10, 2015 and June 29, 2015" (compare O'Hara v New School, 118 AD3d 480 [1st Dept 2014] [no prima facie case under BC § 3309.4 where no evidence proffered that the requisite license under the statute was granted]).
Contrary to TBLLC's contention, the statute imposes strict liability (see Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 491 [2012]; American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905 [2d Dept 2015]). As to TT and Langan, plaintiff failed to establish that either of them was a "person who cause[d]" soil or foundation work to be made (BC § 3309.4; see 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540 [1st Dept 2014]).
Plaintiff is correct that the terms of section 4(g) of the license agreement impose a reporting obligation on TBLLC and Skanska. However, while he established that the obligation was breached, he failed to establish any damages flowing from the breach (see Viacom Outdoor, Inc. v Wixon Jewelers, Inc., 82 AD3d 604 [1st Dept 2011]; Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina, 234 AD2d 187, 189-190 [1st Dept 1996]).
Plaintiff is also correct that section 4(h) of the license agreement imposes a consulting obligation in connection with "any work potentially affecting the elevator shaft." This provision is unambiguous on its face (see Chimart Assoc. v Paul, 66 NY2d 570 [1986]). Had the parties desired to limit its application to masonry voids, they could have done so. However, plaintiff failed to establish damages resulting from the alleged breach of this provision, merely stating conclusorily that, had he been notified, pursuant to the provision, the damages would have been avoided.
Plaintiff failed to establish a breach of the provision requiring TBLLC and Skanska to indemnify him for attorneys' fees and professional fees. He did not identify the nature of the legal or expert fees sought. Nor did he allege, much less establish, that he made a demand for payment and the demand was refused.
Plaintiff established prima facie his entitlement to recovery under article 9 of the license agreement, which required TBLLC to pay him "$100.00 ... for each calendar day that site protection or monitoring devices remain ... after April 30, 2016 ..., unless delay is caused solely [*3]by Moskowitz's unreasonable action or unreasonable delay" (emphasis added). In opposition, TBLLC failed to submit admissible evidence showing that the delay in removing the equipment was attributable "solely" to plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK



Footnotes

Footnote 1: In a related proceeding brought by TBLLC, this Court reversed an order that had granted TBLLC a judicial license to enter plaintiff's property to take steps to protect it (see Matter of Tory Burch LLC v Moskowitz, 146 AD3d 528 [1st Dept 2017]).